**UNITED STATES of America,
Plaintiff-Appellant,**

**v.**

**Cyrus YONAN, Defendant-Appellee.**

**No. 86–1005.**

United States Court of Appeals,
Seventh Circuit.

Argued May 30, 1986.

Decided Sept. 2, 1986.

Rehearing and Rehearing En Banc
Denied Oct. 1, 1986.

Michel F. Smith, Asst. U.S. Atty., Chicago, Ill., for plaintiff-appellant.

Edward M. Genson, Genson & Steinback, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, Chief Judge, and FLAUM and EASTERBROOK, Circuit Judges.

FLAUM, Circuit Judge.

This is an appeal by the United States brought pursuant to 18 U.S.C. § 3731, from the district court's dismissal on December 2, 1985 of two counts of a multi-count indictment that charged attorney Cyrus Yonan with various offenses under the RICO and mail fraud statutes, 18 U.S.C. § 1962 *et seq.* and 18 U.S.C. § 1341. The district court held that the two RICO counts failed to state a claim under the statute because (1) Yonan's sole proprietorship could not constitute the "enterprise" with which Yonan was "associated" for purposes of § 1962(c); and (2) Yonan could not be "associated" with the Cook County State's Attorney's Office because he allegedly had committed crimes *against* that office. The government claims on appeal that the district court erroneously construed the legal requirements of the RICO statute and the cases interpreting that statute. We agree that the district court erred in dismissing the State's Attorney's Office count and we reverse that decision. The merits of the sole proprietorship count, however, are not before this court because the government failed to appeal a previous dismissal of that count within the statutory thirty-day interlocutory appeals period, and the December 2 order appealed from merely dismissed the count on *res judicata* grounds. We affirm the district court's dismissal of that count as a proper application of *res judicata* principles.

## I.

The government obtained an indictment against Yonan in March of 1984 as part of the "Operation Greylord" investigation of corruption in the Cook County court system. The original indictment contained a single RICO count charging Yonan with operating the affairs of his law practice through a pattern of racketeering by bribing Assistant State's Attorney Terrence Hake, an FBI "mole," in order to influence the disposition of some of Yonan's cases. A superseding indictment then changed the enterprise charged from Yonan's law practice to "Cyrus Yonan, Jr." After a series

of motions to dismiss, which alleged that an individual could not be both the enterprise and the defendant, the government on July 17, 1985, obtained yet another superseding indictment realleging the enterprise as "Cyrus Yonan, Jr.," but specifically charging that "the sole proprietorship of CYRUS YONAN, JR. employed a secretary and was an 'enterprise,' as defined in Title 18, United States Code, Section 1961(4)." This charge was added to conform the indictment with our recent opinion in *McCullough v. Suter*, 757 F.2d 142, 144 (7th Cir.1985), which held that a sole proprietorship can constitute a RICO enterprise if it is "formally (as when there is incorporation) or practically (as when there are other people besides the proprietor working in the organization) separable from the individual." The July 17 superseding indictment also added eight mail fraud counts.

Yonan made a motion to dismiss Count One (the RICO sole proprietorship count) of the superseding indictment, but this motion was overruled by Judge McMillen on August 1, 1985. Judge McMillen ruled that an individual could be employed by and associated with his sole proprietorship for RICO purposes, and that the question of whether Yonan's sole proprietorship was "practically separable" from him as an individual was one of proof, not one of the sufficiency of the indictment. The judge accordingly granted Yonan a bill of particulars requiring the government to detail its expected proof regarding how the sole proprietorship was an enterprise distinct from Yonan. Later that month, Judge McMillen retired from the bench, and Judge Shadur assumed responsibility over the case.

Yonan renewed his motion to dismiss the indictment and, during a status hearing on August 27, 1985, Judge Shadur requested that the parties address the retroactive applicability of the *McCullough* decision to Yonan's indictment. On November 15, 1985, in an opinion published at 622 F.Supp. 721 (N.D.Ill.1985), Judge Shadur dismissed Count One on the grounds that a sole proprietor could not be employed by or associated with himself, and alternatively, that

even if *McCullough* permitted such a construction of the statute, it would offend due process to apply that construction retroactively. The district judge overruled Yonan's objections to the indictment's other counts.

Meanwhile, on November 13, 1985, the government obtained a third superseding indictment that contained the same counts as the existing indictment but added a new count charging Yonan with associating with the State's Attorney's Office and conducting the affairs of that office through a pattern of racketeering activity. This was superseded by a fourth superseding indictment on November 27, 1985 to correct typographical errors. During a hearing on December 2, 1985, Judge Shadur accepted Yonan's plea of not guilty to the new indictment and, in oral remarks, indicated that he was prepared to dismiss the State's Attorney's Office count because Yonan could not be said to have "associated" with the office. Instead, the district court suggested that since Yonan was "plotting to subvert the operations of the enterprise," he could not be tied to the enterprise. When the government's attorney objected that the defendant had made no motion to dismiss the indictment, Yonan's attorney made an oral motion for the record. The district judge then dismissed the new RICO count for the reasons discussed above, and also re-dismissed the original RICO count, saying that he "had previously ruled on" that count and was dismissing it "for precisely the same reasons [he] stated in [his] earlier opinion." These oral rulings were memorialized in a written opinion published at 623 F.Supp. 881 (N.D.Ill.1985). After the district court denied the government's motion to reconsider the dismissal of the State's Attorney's Office count, the government filed its notice of appeal on December 30, 1985.

## II.

A. *The Sole Proprietorship Count.* Yonan moved to dismiss the government's appeal of the sole proprietorship count on the grounds that the government failed to file a timely notice of appeal. We agree that the government failed properly to appeal the original dismissal of that count within the thirty-day period afforded by the statute, 18 U.S.C. § 3731.[1] We disagree, however, with Yonan's assertion that this failure results in a lack of appellate jurisdiction. Since the government *did* appeal within thirty days of the December 2nd order, and since the December 2nd order contained a disposition of the sole proprietorship count, we have jurisdiction to review the district court's December 2 action dismissing that count. Nevertheless, that dismissal was merely an application of the doctrine of *res judicata,* since the district court previously had determined the identical issue between the parties. Therefore, we will not extend our review to examine the merits of the original November 15 decision, but affirm the ultimate dismissal as an appropriate exercise of *res judicata* principles. Were we to undertake a review of the merits, we would be allowing the government indefinitely to avoid the statutory thirty-day interlocutory appeals period simply by obtaining superseding indictments. In order to avoid this result, we hold in this case that *res judicata* bars the extension of the thirty-day period in which the government could appeal the dismissal of the sole proprietorship count. *See United States v. Martinez,* 681 F.2d 1248, 1252 (10th Cir.1982) (subsequent denial of identical motion does not restart running of thirty-day period); *United States v. Rothseiden,* 680 F.2d 96, 98 (11th Cir.1982) (same).

---

1. 18 U.S.C. § 3731 provides:

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

\*   \*   \*   \*   \*   \*

The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.

■ B. *The State's Attorney's Office Count.* In Count One of the fourth superseding indictment the government charged Yonan with violating 18 U.S.C. § 1962(c)[2] by associating with the Cook County State's Attorney's Office and conducting its affairs through a pattern of racketeering activity, that activity being seven acts of bribery involving an Assistant State's Attorney. The district court dismissed this count as legally insufficient because of its conviction that Yonan could not be said to have associated with the State's Attorney's Office. The district court identified two characteristics of persons who associate with enterprises for RICO purposes:

1. All have a relationship with the enterprise characterized by a stake or interest in the goals of the enterprise—legitimate or illegitimate.

2. All are associated with the enterprise as such, not merely with some other individual who is "employed by or associated with" the enterprise but is off on a frolic and detour of his or her own.

623 F.Supp. at 884–85. The district court concluded that Yonan shared neither of these characteristics, since he committed acts designed to *undermine* the office and thus had no interest in its goals, and since he had contact merely with a non-policymaker within the office who clearly was pursuing independent goals of his own.

Our review of the statute and the case law does not support either the district court's view that these two characteristics are necessary or its conclusion that Yonan could not have been associated with the State's Attorney's Office. Section 1962(c) literally prohibits persons "employed by or associated with" an enterprise from illicitly conducting or participating in the conduct of the enterprise's affairs; the statute makes no mention of such persons needing

a "stake or interest in the goals of the enterprise." Similarly, there is no statutory requirement that such persons have contact with policymakers or heads of enterprises before they can be said to be associated with it. In the absence of a statutory definition of "association," the cases have adopted a common sense reading of the term that focuses on the business of the enterprise and the relationship of the defendant to that business. The cases make clear that the defendant need not have a stake in the enterprise's "goals," but can associate with the enterprise by conducting business with it, even if in doing so the defendant is *subverting* the enterprise's goals.

For example, in *United States v. Lee Stoller Enterprises*, 652 F.2d 1313, 1320–21 (7th Cir.1981), the defendant Stoller was a fundraiser who agreed to organize promotional events in order to raise money for a deputy sheriffs' association. Reacting to pressure from deputies of the county sheriff's office, Stoller agreed to turn over to the county sheriff ten percent of the money he collected in exchange for the sheriff's protection. Stoller was convicted for associating with the sheriff's office and conducting or participating in its affairs through a pattern of bribery, and this court upheld that conviction because of Stoller's business relationship with the enterprise. It is clear that if any goal can be attached to an *office* as an enterprise, the goal of a county sheriff's office is to enforce the law. The activities of Stoller and the other defendants undoubtedly subverted this goal, yet Stoller was associated with the enterprise because he conducted business with it. Moreover, the fact that Stoller had contact with the head of the enterprise is not dispositive: since Stoller need not have had a stake in the enterprise's goals there is no need to scrutinize the individual with

**2.** 18 U.S.C. § 1962(c) provides:
   It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or

participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

whom Stoller had contact in order to determine whether that individual had sufficient power to turn *his* goals into the goals of the enterprise. Instead, the important nexus occurs between the defendant and the illegal activities carried on through or by the enterprise.

"The nature of racketeering connections to an otherwise legitimate business suggests that elements outside a company may assist in obtaining the company's illegal goals. Thus the substantive proscriptions of the RICO statute apply to insiders and outsiders—those merely 'associated with' an enterprise—who participate directly and indirectly in the enterprise's affairs through a pattern of racketeering activity. [Citations omitted]. Thus, the RICO net is woven tightly to trap even the smallest fish, those peripherally involved with the enterprise."

*Schacht v. Brown,* 711 F.2d 1343, 1360 (7th Cir.1983) (quoting *United States v. Starnes,* 644 F.2d 673, 679 (7th Cir.1981)). *See also, e.g., United States v. Ambrose,* 740 F.2d 505, 512 (7th Cir.1984); *United States v. Kovic,* 684 F.2d 512, 516–17 (7th Cir.1982).

Here, the defendant is clearly alleged to have a business relationship with the enterprise. The relevant business of the Cook County State's Attorney's Office is to prosecute and otherwise dispose of criminal cases; Yonan's business as an attorney was to negotiate with, oppose, or otherwise deal with that office in representing criminal defendants. This alleged relationship is sufficient for the court to find that Yonan was associated with the State's Attorney's Office for purposes of section 1962(c). Moreover, the seven alleged acts of bribery clearly are sufficient to charge Yonan with conducting or participating in the conduct of that office's affairs through a pattern of racketeering activity. We hold therefore that this count was not legally infirm, and we reverse the district court's dismissal of the count.

AFFIRMED in part and REVERSED in part.