**UNITED STATES of America, Plaintiff,**

v.

**Bruce ROTH, Defendant.**

**No. 85 CR 763.**

United States District Court,
N.D. Illinois, E.D.

Aug. 17, 1987.

Anton R. Valukas, U.S. Atty., Sheldon T. Zenner and Stephen Crocker, Asst. U.S. Attys., Chicago, Ill., for plaintiff.

Patrick A. Tuite, Tuite, Mejia & Giacchetti, P.C., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

The defendant brings these pretrial motions in the wake of the government's recent decision to supersede the indictment. The superseding document charges Roth with two counts of extortion in violation of the Hobbs Act, 18 U.S.C. § 1951, and two counts of participation in "a pattern of racketeering activity" in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962.[1] The charges reflect the grand jury's finding that the defendant solicited and/or paid out bribe money for the purpose of influencing cases pending in the Circuit Court of Cook County. For the reasons stated

---

1. The Hobbs Act charges refer to two different transactions, one occurring in February, 1981 and one occurring around April or May of 1981. The RICO charges include a substantive charge brought pursuant to 18 U.S.C. § 1962(c) and a conspiracy charge, alleging the same events, based on 18 U.S.C. § 1962(d).

herein, the defendant's motions are largely denied.

### I. *Motion to Dismiss RICO Counts*

 At the outset, Roth asks the court to reconsider its holding that the defendant, a private attorney, could be "associated" for RICO purposes with the charged enterprise, the Circuit Court of Cook County. See Memorandum Opinion and Order of June 15, 1987, at 2–3. That decision was squarely based upon the Court of Appeals' opinion in *United States v. Yonan*, 800 F.2d 164 (7th Cir.1986), *cert. denied*, — U.S. ——, 107 S.Ct. 930, 93 L.Ed.2d 981 (1987), which held that a lawyer's payment of bribes to a state prosecutor constituted "association" with the State's Attorney's Office under the RICO Act. Roth contends, however, that the *Yonan* decision is no longer good law in light of the Supreme Court's action in *McNally v. United States*, — U.S. ——, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987).

*McNally* involved a challenge to the use of the mail fraud statute in public corruption cases where the fraud alleged involved the deprivation of the public's intangible rights to honest and impartial government. The Court sustained this challenge on the basis of a straightforward reading of the statute, an oft-invoked canon of construction, and a particular view of legislative intent. Of these three grounds, only the canon of construction, the rule of lenity, is particularly relevant here; RICO is a different statute with a different history than the 78–year old mail fraud statute.

Nor was the articulation of that canon particularly earthshattering. As *McNally* explained: "The Court has often stated that when there are two rational readings of a criminal statute, one harsher than the other, we are to choose the harsher only when Congress has spoken in clear and definite language." *Id.* at 2881. Thus, while the *McNally* result may have been unexpected, the statutory analysis the court used in reaching that result was conventional.

I stress this point because there is no indication in the *Yonan* opinion that Judge Flaum departed from the method of textual exegesis approved in *McNally*. On the contrary, it appears that the Court of Appeals considered its interpretation to be the only reasonable reading of the statute in view of RICO's broad attempt to encompass all organized criminality. The *Yonan* court observed:

> Section 1962(c) literally prohibits persons "employed by or associated with" an enterprise from illicitly conducting or participating in the conduct of an enterprise's affairs.... In the absence of a statutory definition of "association," the cases have adopted a common sense reading of the term that focuses on the business of the enterprise and the relationship of the defendant to the business.

800 F.2d at 167. The narrower reading proposed by the district court, the *Yonan* court explained, was simply not warranted by the language or history of the statute. *Id.* at 167–68.

In my view, *McNally* does not provide a basis for ignoring the court of appeals' decision in *Yonan*. Unlike the Court in *McNally*, the *Yonan* court was not faced with what it considered to be two reasonable constructions of the same statute. Hence, the rule of lenity was never called into play and *McNally*'s reaffirmance of that construction rule has no bearing here. No basis, then, exists upon which to reappraise *Yonan*.

### II. *Motion to Dismiss Racketeering Events*

Roth asks the court to strike certain racketeering events which allege that the defendant solicited and received payments from clients "pursuant to an understanding that he would influence the performance of official acts of a Circuit Court judge...." Because these acts do not allege the actual payment of bribes to judges, Roth contends that they cannot constitute conduct or participation in the affairs of the enterprise. In the absence of actual contact between himself and a judge, Roth asserts, he could not have associated with the Circuit Court of Cook County.

In support of this position, Roth relies on Judge Shadur's opinion in *United States v. Kaye*, 586 F.Supp. 1395 (N.D.Ill.1984). There, a part-time bailiff in the Cook County Circuit Court was charged under RICO for his solicitation and receipt of payments from litigants for the purpose of influencing a judge. There was no allegation, however, that the bailiff had ever attempted to influence any judge. Based on these facts, Judge Shadur dismissed the RICO count. He concluded, upon a close reading of the statute, that the "conduct or participation" language of § 1962(c) required a showing that the defendant actually "did cause bribes to be passed on to the judges." 586 F.Supp. at 1400.

 Although I believe Judge Shadur's analysis to be correct, I am not sure how applicable it is to the case here. Racketeering events 4–6 of both RICO counts allege the solicitation, receipt *and* payment of bribes to circuit court judges for the purpose of influencing case outcomes. Because they clearly influenced the affairs of the enterprise, the participation challenge to these events fails. More difficult is the objection to racketeering events 7 and 8, neither of which alleges an attempt to influence a judge on the defendant's part. If the government can prove that these events were part of a larger pattern of bribery involving a *particular judge*, I believe they can stand as racketeering events evidencing the conduct or participation in the conduct of the enterprise's affairs. Absent such a pattern, the events must be dismissed under the logic of *United States v. Kaye*. The defense is free to renew this challenge at the close of the government's case.[2]

### III. *Bill of Particulars*

 The defendant seeks a bill of particulars to discover the names of the judges he is alleged to have bribed and the identity of his co-conspirators known to the government. He also asks that the government be required to specify the manner in which the judges' performance was supposedly influenced.

The government, in response, stresses that it has given the defendant substantial pre-trial discovery, including copies of all Title III surveillance. In addition, the government has agreed to turn over all documents it plans to introduce into evidence in this case. The request by Roth here, it submits, is made to obtain evidentiary detail of the government's case rather than to prevent surprise or protect against double jeopardy.

Given the nature of the Title III surveillance in this case, the court finds it unlikely that Roth will be surprised by the government's case at trial. Nevertheless, I believe that he is entitled to know the names of the judges he is accused of corrupting. Accordingly, the government is directed to file a bill of particulars identifying these judges, by name and paragraph in the indictment, before the beginning of the trial on Monday, August 17, 1987. *See* Federal Rule Criminal Procedure 7(f). In this respect, the minute order of August 13, 1987, is modified. The motion with respect to the other information remains denied.

### IV. *Motion to Dismiss Counts III and IV*

 Roth's final motion raises a statute of limitations challenge to Counts III and IV. In the original indictment, these counts alleged violations of the Hobbs Act "in that defendant did conspire with a judge of the Circuit Court of Cook County to unlawfully obtain property in the approximate amount of $2,000 ... and which money was obtained from Attorney Martin Schachter with his consent, said consent being induced under color of official right in connection with the case *People v. Scott Greenberg*." *See* Indictment of Nov. 27, 1987, Counts XI and XII. The superseding indictment charges that Schacter's consent was induced "under color of official right and *under fear of economic harm*" (emphasis added). This additional language, Roth asserts, is a substantive change in the

2. Should the government fail to prove the payment of bribes under racketeering events 4–6, those events would also become suspect under *Kaye*. The defense may raise this point as well at the close of the government's case.

indictment made more than five years after the violations alleged occurred. 18 U.S.C. § 3283. He asks, accordingly, for dismissal of the counts.

The court believes that Roth has raised a valid point. The counts do not allege a continuous plan of extortion, part of which falls within the limitations period. *United States v. Hedman,* 630 F.2d 1184, 1194 (7th Cir.1980), *cert. denied,* 450 U.S. 965, 101 S.Ct. 1481, 67 L.Ed.2d 614 (1981). On the contrary, each alleges a discrete transaction, albeit connected with the same pending case, occurring in 1981. To the extent that the new language broadens the timely original charges, the superseding changes are barred by the statute of limitations. *See United States v. Friedman,* 649 F.2d 199, 203–04 (3rd Cir.1981); *United States v. Grady,* 544 F.2d 598, 601–02 (2d Cir. 1976).

Although the issue is close, there are circumstances under which the additional language may have substantive effects. Accordingly, the court accepts the government's recommendation that the additional language be deleted and the counts returned to their original form.

### Conclusion

For the reasons stated herein, the defendant's pretrial motions concerning the superseding indictment are granted in part and denied in part pursuant to this court's August 13, 1987, 669 F.Supp. 1383, minute order. That order is modified with respect to Roth's motion for a bill of particulars. The government is directed to tender the names of the judges the defendant is accused of bribing to the defendant prior to trial.

It is so ordered.