Joseph **WILLIAMS**, on behalf of himself and others similarly situated, Plaintiff,

v.

**FORD MOTOR COMPANY** and **Highland Park Ford, Inc.,** Defendants.

No. 97 C 0162.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 14, 1998.

·Cathleen M. Combs, Daniel A. Edelman, James O. Latturner, Beth Ilyse Solomon, Edelman & Combs, Chicago, IL, for Plaintiff.

Alfred M. Swanson, Jr., Peter Francis Heraty, Jones, Ware & Grenard, Chicago, IL, Brian C. Anderson, Evelyn L. Becker, Jessica Davidson Miller, O'Melveny & Myers LLP, Washington, DC, for Defendant Ford Motor Co.

Stuart Berks, Michael Joseph Devine, Phillip Michael Schreiber, James Edward O'Halloran, III, Deutsch, Levy & Engel, Chicago, IL, for Defendant Highland Park Ford, Inc.

### MEMORANDUM AND ORDER

MORAN, Senior District Judge.

Plaintiff moves for reconsideration of this court's dismissal of Count I of the

Second Amended Complaint. That motion is denied.

We do not subscribe to plaintiff's view that the Memorandum and Order of May 18, 1998, is inconsistent with prior decisions of the Seventh Circuit in public corruption cases. *Reves v. Ernst & Young*, 507 U.S. 170, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993), explicitly recognizes that acceptance of bribes to influence official action is a sufficient predicate for a § 1962(c) RICO violation: "An enterprise also might be 'operated' or 'managed' by others 'associated with' the enterprise who exert control over it as, for example, by bribery." *Id.* at p. 184, 113 S.Ct. 1163. Conceptually, plaintiff's contention has some merit since it can be argued that Highland's insistence upon an inspection fee had some relationship to the sale of ESPs. We think, though, that Highland's action falls on the *Reves* side of the line.

It must be remembered that plaintiff has alleged that Ford and Highland constituted a RICO enterprise and that Highland's imposition of an inspection fee constituted control over the enterprise sufficient to establish Highland's liability. Plaintiff argues that by imposing the inspection fee and misusing the authority conferred by Ford, Highland acted in a manner analogous to a corrupt public official who "conducts" a public agency by demanding bribes in connection with the performance of his official duties. *See United States v. Glecier*, 923 F.2d 496 (7th Cir.1991). However, in the context of bribery, it is clear that the RICO person directly controls the affairs of the enterprise by accepting money in order to illegally influence the enterprise's activities. Thus, in *Glecier*, a judge was convicted as a participant in a broad RICO conspiracy for accepting bribes to steer cases to certain attorneys. In that case he obviously was using his authority to manipulate the RICO enterprises, which was defined as the larger court system. Similarly, in *United States v. Yonan*, 800 F.2d 164 (7th Cir.1986), which plaintiff also cites, the court found that a defense attorney could be held liable under RICO where he attempted to bribe a state's attorney in order to influence the disposition of his cases. Again, the RICO person was using bribery to directly influence the activities of the enterprise. Those types of cases are closer to the paradigmatic RICO case in which "a person bent on criminal activity seizes control of a previously legitimate firm and uses the firm's resources ... to perpetuate more, and less easily discovered, criminal acts than he could do in his own person...." *Fitzgerald v. Chrysler Corp.*, 116 F.3d 225, 227 (7th Cir.1997). Here, in contrast, the imposition of the inspection fee by Highland did not affect or influence the activities of Ford in any demonstrable way. Instead, the inspection fees were of Highland's own doing—there are no allegations that Ford benefitted from them or changed its practice of providing ESPs. In this type of case RICO liability is inappropriate.

Moreover, even in public corruption cases the Seventh Circuit has recognized (although in a different but analogous legal context) that there are limits upon the reach of federal law to ascribe criminal liability to conduct of an official for his own benefit. *United States v. Bloom*, 149 F.3d 649 (7th Cir.1998). We believe that the unilateral and open imposition by Highland of an inspection fee for its own benefit does not fall within the ambit of RICO.