Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/17/2021 08:11 AM CDT

- 542 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

In re William R. Zutavern Revocable Trust.
Shawn W. Zutavern and Russell C. Zutavern,
appellants, v. Meredith A. Zutavern,
individually and as Trustee of the
William R. Zutavern Family
Trust, et al., appellees.

___ N.W.2d ___

Filed June 25, 2021.   No. S-20-455.

1. **Trusts: Equity: Appeal and Error.** Trust administration matters are reviewed for error appearing on the record, absent an equity question.
2. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
3. **Motions to Dismiss: Appeal and Error.** A district court's grant of a motion to dismiss is reviewed de novo.
4. **Motions to Dismiss: Pleadings: Appeal and Error.** When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.
5. **Wills: Trusts.** The interpretation of the words in a will or a trust presents a question of law.
6. **Judgments: Appeal and Error.** In instances when an appellate court is required to review cases for error appearing on the record, questions of law are nonetheless reviewed de novo on the record.
7. **Standing: Words and Phrases.** Standing involves a real interest in the cause of action, meaning some legal or equitable right, title, or interest in the subject matter of the controversy.
8. **Trial: Standing.** Generally, standing in a trustee removal proceeding is governed by Neb. Rev. Stat. § 30-3862(a) (Reissue 2016).
9. **Trusts.** Beneficiaries need not be named in the terms of the trust, but may be designated by class terminology or by description.

- 543 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
309 NEBRASKA REPORTS
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

10. **Motions to Dismiss: Pleadings.** To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face.

11. **Dismissal and Nonsuit: Pleadings: Appeal and Error.** When analyzing a lower court's dismissal of a complaint for failure to state a claim, an appellate court accepts the complaint's factual allegations as true and construes them in the light most favorable to the plaintiff.

12. **Trusts: Property.** A trust creates a fiduciary relationship in which one person holds a property interest subject to an equitable obligation to keep or use that interest for the benefit of another.

13. **Trusts.** The Nebraska Uniform Trust Code states that trustees owe the beneficiaries of a trust duties that include loyalty, impartiality, prudent administration, protection of trust property, proper recordkeeping, and informing and reporting.

14. ____. All actions of the trustee must be in the interest of the beneficiaries and no one else.

15. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law which an appellate court reviews independently of the lower court.

16. **Statutes: Legislature: Intent.** The fundamental objective of statutory interpretation is to ascertain and carry out the Legislature's intent.

17. **Statutes: Appeal and Error.** When construing a statute, an appellate court looks to the statute's purpose and gives to the statute a reasonable construction that best achieves that purpose, rather than a construction that would defeat it.

18. **Statutes: Legislature: Intent.** Components of a series or collection of statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible.

19. **Statutes.** A court must give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.

20. ____. When interpreting a statute, well-established principles of statutory interpretation require a court to take account of context and of other statutes pertaining to the same subject.

21. **Statutes: Words and Phrases.** Under the associated words canon of statutory interpretation, if two or more words are grouped together in a statute, the meaning of a particular word may be determined by reference to the meaning of associated words and phrases.

22. **Trusts.** A trustee may exercise powers conferred by the Nebraska Uniform Trust Code, except as limited by the terms of the trust.

- 544 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

23. **Contracts: Appeal and Error.** Whether a document is ambiguous is a question of law, and an appellate court considering such a question is obligated to reach a conclusion independent of the trial court's decision.
24. **Parol Evidence: Contracts.** Unless a document is ambiguous, parol evidence cannot be used to vary its terms.

Appeal from the District Court for Lancaster County: John A. Colborn, Judge. Reversed and remanded for further proceedings.

John V. Matson, James A. Tews, Brian J. Koenig, and Quinn R. Eaton, of Koley Jessen, P.C., L.L.O., for appellants.

Daniel J. Guinan, Robert W. Futhey, and Ryan M. Ricke, of Fraser Stryker, P.C., L.L.O., for appellees.

Heavican, C.J., Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Funke, J.

Shawn W. Zutavern and his son, Russell C. Zutavern, petitioned the district court for Lancaster County for removal of the trustee of a trust created by Shawn's father, William R. Zutavern. Shawn and Russell then moved to enjoin the trustee's potential sale of the family ranch. The court found that Shawn and Russell were not beneficiaries and were owed no duties by the trustee, dismissing the petition and motion for injunction.

Shawn and Russell appeal. We conclude that Shawn and Russell are beneficiaries and that the court erred by dismissing their petition. The cause is remanded for further proceedings consistent with this opinion.

## BACKGROUND

### Zutavern Family

William died on November 26, 2011. Meredith A. Zutavern is William's surviving spouse, and together William and Meredith had four children, all still living: Shawn, Shayne T.

- 545 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

Zutavern, Kelly R. Leonard (Kelly), and Maria D. Zutavern. William and Meredith lived on a ranch near Dunning, Blaine County, Nebraska, and maintained significant real estate holdings.

On February 29, 1988, William, Meredith, Shawn, and Shayne incorporated Wm. Zutavern Cattle Co. (WZCC), a Nebraska corporation. WZCC managed a ranch of approximately 22,000 acres in Blaine and Custer Counties. William owned approximately 38 percent of the corporate stock. Meredith owns 30 percent, Shawn owns 18 percent, and Shayne owns 14 percent.

### William's Trust and Family Trust

On January 31, 2008, William, as the settlor and trustee, and Meredith, as substitute trustee, executed a trust agreement to establish the William R. Zutavern Revocable Trust (Trust). The Trust included a provision setting forth William's family information, stating that he and Meredith had four children—Shawn, Shayne, Kelly, Maria—"and several grandchildren."

William transferred his corporate stock to himself as trustee to create the Trust estate, which was "to be held, managed, controlled, invested and re-invested, the income therefrom to be controlled, and . . . to be administered, distributed and disposed of as provided herein." William held the power to dispose of Trust income and principal. In the absence of direction, he would receive Trust income at least quarterly. William reserved the right to modify or terminate the Trust during his life by delivery of written notice to the trustee or substitute trustee. The Trust indicated that it "may not be changed orally." Meredith would serve as substitute trustee upon William's death or incapacitation, Shawn would serve as substitute trustee upon Meredith's death or incapacitation, and Shayne would serve as substitute trustee upon Shawn's death or incapacitation.

The Trust states that the general powers, duties, and restrictions upon the trustee or substitute trustee include all powers pursuant to the Nebraska Uniform Trust Code (NUTC), see

- 546 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
309 NEBRASKA REPORTS
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

Neb. Rev. Stat. §§ 30-3801 to 30-38,110 (Reissue 2016 & Cum. Supp. 2020), which are not in conflict with any Trust provisions. The trustee or substitute trustee shall have the power to invest and reinvest any Trust property, including stocks, "in such manner as will be in the best interests of the Trust beneficiaries, giving due consideration to the preservation of principal and the amount and regularity of the income to be derived therefrom." The trustee or substitute trustee shall keep "books of account," showing all transactions relating to the Trust estate. The substitute trustee is required to furnish annually to each beneficiary statements of receipts and disbursements and a schedule of all Trust assets and liabilities. Any beneficiary may at reasonable times inspect Trust records. All powers and obligations granted or imposed by the Trust are legally binding upon the parties to the trust agreement, and upon their "successors, executors, administrators, assignees and Trustees, as the case may be."

The Trust instructs that upon William's death, the substitute trustee shall pay William's debts and expenses. Thereafter, regarding the residuary, the substitute trustee "is directed to divide the Trust assets into two parts." The first part, consisting of an amount equal to the largest amount which could pass free of federal estate taxes, was to be distributed to the William R. Zutavern Family Trust (Family Trust). The second part, consisting of the rest, residue, and remainder, was to be transferred to Meredith "as hers absolutely and without restriction."

The Family Trust was to "remain in trust and administered and disposed of in accordance with" the provisions of the Family Trust. The Family Trust provides that if Meredith survives William, the trustee shall pay Meredith the Trust income for her life. Then, upon Meredith's death, the trustee shall distribute all of the shares of WZCC stock that are held in trust "to those of my children and/or grandchildren who are [then] actively involved in the operation and management of [WZCC]." Any other assets of the Family Trust shall be distributed to Kelly and Maria.

- 547 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

Shawn and Russell's Petition Allegations

On November 18, 2019, Shawn and Russell filed a verified petition in the district court for Lancaster County for removal of the trustee, appointment of a successor trustee and special fiduciary, an accounting, and a surcharge against the trustee. Portions of the Trust were attached to the petition. The background section of the petition included the following relevant factual allegations: Shawn and Russell alleged that they are beneficiaries under the Family Trust, because they qualified as "'[William's] children and/or grandchildren who are [, at the time of Meredith's death,] actively involved in the management or operation of [WZCC].'" (Emphasis omitted.) Shawn alleged that he worked full time on the ranch from 1980 until his wrongful termination in the fall of 2017. Russell alleged that he was employed by the ranch but was recently fired.

Shawn and Russell alleged that the Trust grants the trustee no discretion in distributing the principal of the Family Trust and that no one holds a power of appointment with respect to the Family Trust. They alleged that in 2015 and 2016, Meredith sold approximately one quarter of the ranch, referred to as the "Flying A/Forester Property." They alleged that the sale proceeds were used to pay a company debt and that the remaining funds were distributed to the WCZZ shareholders, which included Meredith as the trustee of the Family Trust. Shawn alleged that Meredith refused his numerous requests for an accounting of Family Trust assets which consist of the sale proceeds.

Shawn and Russell alleged that from the time of William's death in 2011 until the summer of 2017, Shawn, Shayne, and Meredith served as directors of WZCC, with Shawn as president, Shayne as vice president, and Meredith as secretary and treasurer. They alleged that at an annual stockholders meeting on June 21, 2017, Meredith and Shayne removed Shawn as president and appointed Meredith as president, secretary, and treasurer. Shawn alleged that he has stopped receiving WZCC financial reports. Shawn alleged that Meredith

- 548 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

began making false accusations against him for the sole purpose of removing him as a beneficiary of the Family Trust. Shawn and Russell alleged that Meredith plans to sell the ranch and equally split the proceeds among her children, regardless of ownership. Shawn alleged that Meredith has improperly handled the Family Trust and fears that she will "attempt an illegal, oppressive and improper sale of the Ranch in the near-term."

In their first claim for relief, Shawn and Russell asserted that Meredith has breached fiduciary duties in her capacity as trustee of the Family Trust. They asserted that Meredith intends to sell the ranch and will do so by exercising her shareholder votes as trustee of the Family Trust, in combination with her personal shareholder votes. Shawn and Russell asserted that such a sale would violate the Trust and constitute a breach of the trustee's duties and that they "intend to seek injunctive relief against the trustee." Shawn and Russell alleged that Meredith breached her fiduciary duties as trustee of the Family Trust in the following ways: failing to administer the Family Trust in good faith; failing to properly report and account Family Trust assets to Shawn and Russell, in violation of § 30-3878; voting WZCC stock in a manner contrary to the best interests of Shawn and Russell, in violation of § 30-3867(f); breaching her duty of impartiality among beneficiaries, in violation of § 30-3868; failing to administer the Family Trust as a prudent person by engaging in self-dealing and failing to exercise reasonable care, skill, and caution, in violation of § 30-3869; and failing to keep adequate records of the administration of the Family Trust, in violation of § 30-3875. Shawn and Russell alleged that as a direct and proximate result of Meredith's breach of fiduciary duties, they have suffered immediate and irreparable harm and have incurred money damages. Shawn and Russell requested relief in the form of a declaration that Meredith has breached her duties as trustee; injunctive relief preventing further breaches; and an award of damages, costs, attorney fees, and other just relief.

- 549 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

For their second claim for relief, Shawn and Russell asserted that Meredith should be removed as trustee and that a successor trustee and special fiduciary should be appointed under § 30-3862 to take possession of the Family Trust until the case is resolved. Shawn and Russell reasserted their previous allegations, and they alleged that their hostile relationship with Meredith has interfered with her performance as trustee.

For their third claim for relief, Shawn and Russell requested an accounting and inventory, which they alleged that Meredith had failed to provide, contrary to § 30-3878 and the terms of the Family Trust. They requested relief in the form of an accounting of the Family Trust since William's death and an inventory of all assets owned by the Family Trust at the time of William's death.

For their fourth claim for relief, Shawn and Russell asserted that Meredith should be surcharged for any improper exercise of power or moneys converted.

### Shawn and Russell's Motion for Temporary Injunction

Three days later, on November 21, 2019, Shawn and Russell moved for a temporary injunction. The motion was simultaneously filed in three separate actions, each of which were filed in district court on the same date, which include (1) the instant trust action, (2) a derivative action filed against WZCC by Shawn, and (3) a breach of contract action filed by Shawn and Russell against WZCC; Meredith, as trustee and as a corporate officer and director; and Shayne, Kelly, and Maria, individually and as a corporate director, respectively. The latter two cases remain pending and awaiting trial. The motion requested the court to enjoin Meredith, in her capacity as trustee of the Family Trust and in her capacity as an officer and director of WZCC, from selling or attempting to sell the ranch during the pendency of the litigation.

On December 23, 2019, Meredith, individually and as trustee of the Family Trust; Shayne; Kelly; and Maria moved

- 550 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

to dismiss the petition. They alleged that Shawn and Russell lacked standing because they are not beneficiaries; that the petition failed to allege sufficient facts to establish that Meredith, as trustee, owed fiduciary duties to Shawn and Russell; and that the petition failed to state a plausible claim for relief. The court held a hearing on the motion to dismiss and motion for temporary injunction.

### District Court's Order

On May 29, 2020, the court issued an order dismissing the petition and motion for temporary injunction, finding that Shawn and Russell lacked standing because they are not beneficiaries under the Family Trust. The court found that neither Shawn nor Russell are named as beneficiaries under the Family Trust and that the only way they could qualify as beneficiaries would be if they were "actively involved in the management or operation of [WZCC] at the time of Meredith's death." The court found that because Shawn and Russell were terminated from employment in 2017, they did not qualify as beneficiaries. As an alternative holding, the court found that even if Shawn and Russell were beneficiaries, Meredith would owe them no duties as trustee of the Family Trust. The court cited to § 30-3855(d), which provides:

> While the trust is irrevocable and during the period the interest of any beneficiary not having a present interest may be terminated by the exercise of *a power of appointment or other power*, the duties of the trustee are owed exclusively to *the holder of the power* to the extent of the property subject to the power.

(Emphasis supplied.)

The court then cited to provisions of the Nebraska Model Business Corporation Act (NMBCA), see Neb. Rev. Stat. §§ 21-201 through 21-2,232 (Cum. Supp. 2020). The court stated, "Under Nebraska law, a corporation has the power to determine who is involved in the management and operation of the corporation. *See* Neb. Rev. Stat. §§ 21-227; 21-284." The

- 551 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

court further stated, "Thus, pursuant to § 30-3855, Meredith, as Trustee of the Family Trust, owes her duties exclusively to [WZCC], not to Shawn or Russell." The court indicated this conclusion is supported by *Manon v. Orr*,[1] wherein the Nebraska Supreme Court held that contingent beneficiaries of a revocable trust lacked standing because they had only a "mere expectancy" with "no real interest in the cause of action or a legal or equitable right, title, or interest in the subject matter of the controversy." The district court found that any interest Shawn and Russell have in the Family Trust is a "'mere expectancy'" insufficient to confer standing.

Further, the court rejected Shawn and Russell's argument that the Family Trust terms such as "actively involved" and "management or operation" are ambiguous. The court found that there was nothing ambiguous about such terms and that even if they were ambiguous, Shawn and Russell failed to allege how any ambiguity would support their contention that they are beneficiaries.

Shawn and Russell appealed. We moved the case to our docket on our own motion.

## ASSIGNMENTS OF ERROR

Shawn and Russell assign, restated, that the district court erred in (1) finding that Shawn and Russell are not beneficiaries and thus lacked standing; (2) finding that if Shawn and Russell were beneficiaries, Meredith, as trustee, would owe duties exclusively to WZCC, and not to Shawn and Russell; (3) finding the Trust terms to be unambiguous; (4) excluding evidence of the settlor's intent; and (5) denying the motion for temporary injunction.

## STANDARD OF REVIEW

[1,2] Trust administration matters are reviewed for error appearing on the record, absent an equity question.[2] When

---

[1] *Manon v. Orr*, 289 Neb. 484, 488, 856 N.W.2d 106, 109 (2014).

[2] *In re Trust Created by McGregor*, 308 Neb. 405, 954 N.W.2d 612 (2021). See *In re Trust of Cook*, 28 Neb. App. 624, 947 N.W.2d 870 (2020).

- 552 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[3]

[3,4] A district court's grant of a motion to dismiss is reviewed de novo.[4] When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.[5]

[5,6] The interpretation of the words in a will or a trust presents a question of law.[6] In instances when an appellate court is required to review cases for error appearing on the record, questions of law are nonetheless reviewed de novo on the record.[7]

## ANALYSIS

### Shawn and Russell Are Beneficiaries and Have Standing

[7] Shawn and Russell argue the district court erred in determining that they lacked standing to assert claims against Meredith as trustee because they were not beneficiaries of the Trust. Standing involves a real interest in the cause of action, meaning some legal or equitable right, title, or interest in the subject matter of the controversy.[8] Shawn and Russell argue that they qualify as beneficiaries under the Family Trust pursuant to § 30-3803(3), which defines "beneficiary" as a person that "has a present or future beneficial interest in a trust, vested or contingent." Meredith, Shayne, Kelly, and

---

[3] *Id.*

[4] *Manon, supra* note 1.

[5] *Id.*

[6] *In re Trust Created by McGregor, supra* note 2.

[7] *Id.*

[8] *In re Conservatorship of Abbott*, 295 Neb. 510, 890 N.W.2d 469 (2017).

- 553 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

Maria argue the district court correctly determined that Shawn and Russell are not beneficiaries, because they are no longer actively involved in WZCC's management or operation. In determining that Shawn and Russell were not beneficiaries, the district court found that neither of them qualify as a child or grandchild of William's "who are [at the time of Meredith's death] actively involved in the management or operation of [WZCC]."

[8] Generally, standing in a trustee removal proceeding is governed by § 30-3862(a),[9] which provides that "[t]he settlor, a cotrustee, or a beneficiary may request the court to remove a trustee, or a trustee may be removed by the court on its own initiative."[10] As mentioned, the NUTC defines a beneficiary as "a person that . . . has a present or future beneficial interest in a trust, vested or contingent."[11] The NUTC statutes are derived from the Restatement (Third) of Trusts.[12]

The Restatement (Third) of Trusts provides that "beneficiaries" of a trust are the persons or classes of persons, or their successors in interest, upon whom the settlor manifested an intention to confer beneficial interests, vested or contingent, under the trust.[13] In addition, persons who hold special or general powers of appointment or have reversionary interests are beneficiaries.[14] A beneficiary's interest may be a present or future interest, and may or may not be subject to conditions, the discretionary decisions of a trustee or another, or a power of appointment or revocation.[15] A trust may provide that

---

[9] *Id.*

[10] § 30-3862(a). See Restatement (Third) of Trusts § 94 (2012).

[11] § 30-3803(3). See Restatement, *supra* note 10, comment *b.*

[12] See, *In re Estate of Stuchlik*, 289 Neb. 673, 857 N.W.2d 57 (2014), *modified on denial of rehearing* 290 Neb. 392, 861 N.W.2d 682 (2015); *In re Estate of Hedke*, 278 Neb. 727, 775 N.W.2d 13 (2009).

[13] Restatement (Third) of Trusts § 48, comment *a.* (2003).

[14] *Id.*

[15] *Id.*, § 49, comment *b.*

- 554 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

a beneficiary is to take an interest only on the happening of a designated event or that such interest is to terminate on the happening of an event. Unless contrary to public policy, such a condition is valid.[16]

[9] Additionally, Meredith, Shayne, Kelly, and Maria argue, and the district court agreed, that Shawn and Russell are not beneficiaries, because they are not specifically named under the Family Trust. However, beneficiaries need not be named in the terms of the trust, but may be designated by class terminology or by description.[17] Trusts are often established for the benefit of classes consisting of the testator's children and other descendants; other forms of description also may be used.[18] The requirement is that a beneficiary be "definite."[19] Pursuant to § 30-3828(b), "A beneficiary is definite if the beneficiary can be ascertained now or in the future, subject to any applicable rule against perpetuities."[20]

The ascertainable beneficiary requirement is shown by an illustration from the Restatement (Third) of Trusts, which resembles the fact pattern in the present case:

S's will leaves her residuary estate to T in trust to pay $10,000 to *each person who is a full-time employee of S at the time of her death*, and to pay $25,000 to each of S's brothers and sisters who are living at her death, with the rest of the trust estate to be held in trust (in accordance with terms described in the will) for S's issue.[21]

Under this example, the beneficiaries are ascertainable by description, even though they are not specifically named.[22]

---

[16] See *id.*, comment *a*.

[17] *Chicago Pol. Sergeants' Assn. v. Pallohusky*, 2019 IL App (1st) 181194, 128 N.E.3d 436, 431 Ill. Dec. 766 (2019); Restatement, *supra* note 13, § 44, comment *b*.

[18] Restatement, *supra* note 13, § 44, comment *b*.

[19] § 30-3828(a)(3).

[20] See *In re Estate of West*, 252 Neb. 166, 560 N.W.2d 810 (1997).

[21] Restatement, *supra* note 13, § 44, comment *b*. (emphasis supplied).

[22] See *id.*

- 555 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

A class of beneficiaries is not indefinite merely because it consists of a changing or shifting group, the number of whose members may increase or decrease.[23] Typical examples of definite classes for trust beneficiaries are "children" or "grandchildren," the "issue" or "descendants," or the "heirs" or "next of kin" of a designated person.[24]

In *Newman v. Liebig*,[25] this court applied the common-law rule that a beneficiary must be ascertainable from the trust instrument. Here, Shawn and Russell are beneficiaries ascertainable from the Trust. The Trust specifically states that Shawn is one of William's four children and that William has "several grandchildren." Any of Shawn's children would be included as William's grandchildren. The Trust contemplated that if any of William's children should pass away prior to receiving a distribution from the Trust estate, the interest of William's deceased child shall pass to the children of the deceased, also known as William's grandchildren. Thus, Shawn and Russell come within a definite class of beneficiaries under the Family Trust.

Furthermore, the fact that Shawn and Russell are not presently working at WZCC does not negate their status as beneficiaries. Just like the illustration of the full-time employee of the testator shown above, Shawn and Russell are members of a definite class of beneficiaries, even though William placed a condition upon the class. The fact that a member of the class may ultimately take nothing does not prevent that beneficiary from maintaining suit; each of the beneficiaries of such a trust is in this position, for if none could sue, the trustee might commit a breach of trust with impunity.[26] Premised on the policy of ensuring that someone has the power to enforce the trustee's fiduciary duties, courts have held that future beneficiaries of

---

[23] Restatement, *supra* note 13, § 45, comment *a*.

[24] *Id.*

[25] *Newman v. Liebig*, 282 Neb. 609, 810 N.W.2d 408 (2011).

[26] See Restatement, *supra* note 13, § 45, comment *f*.

- 556 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
309 NEBRASKA REPORTS
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

a trust, whether vested or contingent, have standing to bring an action against a trustee.[27] Therefore, we hold that Shawn and Russell are beneficiaries under § 30-3862(a) because they have a contingent future beneficial interest in the Family Trust. We agree with Shawn and Russell that the district court's determination that they were not beneficiaries and lacked standing was erroneous.

The district court's reliance on *Manon* is misplaced.[28] In *Manon*, a still-living settlor sold parcels of land that were included in the corpus of her revocable trust, and the settlor's children brought suit to place a constructive trust on the real estate. The court looked to a previous version of § 30-3855, presently found with the same language at § 30-3855(b), which provides: "While a trust is revocable, rights of the beneficiaries are subject to the control of, and the duties of the trustee are owed exclusively to, the settlor."

Because § 30-3855(b) provides that the "rights of the beneficiaries are subject to the control of . . . the settlor," the court found that in the case of a revocable trust, the only real party in interest would be the settlor, or one representing the settlor's interest.[29] Here, it is undisputed that the Trust is irrevocable and that upon his passing, William relinquished any further control over Trust assets to the Family Trust. As such, the rationale of *Manon* is not applicable.

## COURT'S INTERPRETATION OF § 30-3855(d) WAS ERRONEOUS

[10,11] Shawn and Russell next argue the district court erred in finding that, pursuant to § 30-3855(d), Meredith, as trustee, owes duties exclusively to WZCC. To prevail against a motion to dismiss for failure to state a claim, a plaintiff

---

[27] *In re Estate of Spencer*, 417 S.W.3d 364 (Mo. App. 2013). See, also, *Rachins v. Minassian*, 251 So. 3d 919 (Fla. App. 2018).

[28] See *Manon, supra* note 1.

[29] See, *id.*; *In re Trust of Cook, supra* note 2.

- 557 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

must allege sufficient facts to state a claim to relief that is plausible on its face.[30] When analyzing a lower court's dismissal of a complaint for failure to state a claim, an appellate court accepts the complaint's factual allegations as true and construes them in the light most favorable to the plaintiff.[31] Consequently, we look to the factual pleadings in the petition, accepting all allegations as true and drawing all reasonable inferences therefrom in favor of Shawn and Russell to determine whether they have stated a plausible claim against Meredith as trustee.

[12-14] A trust creates a fiduciary relationship in which one person holds a property interest subject to an equitable obligation to keep or use that interest for the benefit of another.[32] Upon acceptance of a trusteeship, a trustee has a duty to "administer the trust in good faith, in accordance with its terms and purposes and the interests of the beneficiaries, and in accordance with the [NUTC]."[33] The NUTC states that trustees owe the beneficiaries of a trust duties that include loyalty, impartiality, prudent administration, protection of trust property, proper recordkeeping, and informing and reporting.[34] All actions of the trustee must be in the interest of the beneficiaries and no one else.[35]

All powers of a trustee, whether express or implied, are held in a fiduciary capacity, and their exercise or nonexercise is subject to the fiduciary duties of trusteeship.[36] "[B]ecause

---

[30] *Rafert v. Meyer*, 290 Neb. 219, 859 N.W.2d 332 (2015).

[31] *Id*.

[32] *In re Estate of Stuchlik, supra* note 12; *Karpf v. Karpf*, 240 Neb. 302, 481 N.W.2d 891 (1992).

[33] § 30-3866.

[34] *In re Conservatorship of Abbott, supra* note 8; *In re Estate of Stuchlik, supra* note 12.

[35] See, *In re Estate of Hedke, supra* note 12; *Karpf, supra* note 32.

[36] See, § 30-3880(a) and (b); Restatement (Third) of Trusts § 78, comment *a*., and § 85, comment *b*. (2007).

- 558 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

trustees have great control over the beneficiaries' property interests and beneficiaries cannot readily terminate their fiduciaries or dispose of their interests, '[t]he duty of loyalty is, for trustees, particularly strict even by comparison to the standards of other fiduciary relationships.'"[37] Trusts raise policy concerns regarding the potential for self-dealing, because trust beneficiaries often have inferior knowledge about a transaction and have a limited ability to protect their interests absent the trustee's full disclosure or court approval.[38] Fiduciary duties in the trust context are "particularly intense so that, in most instances, its prohibitions are absolute for prophylactic reasons."[39] The policy of trust law removes temptation for a trustee when personal interests conflict with fiduciary duties and provides assurance to beneficiaries that they "will not be deprived of a trustee's disinterested and objective judgment."[40] With the laws and policies of the NUTC fresh in mind, we turn to discuss the district court's interpretation of § 30-3855(d).

[15-19] Statutory interpretation presents a question of law which an appellate court reviews independently of the lower court.[41] The fundamental objective of statutory interpretation is to ascertain and carry out the Legislature's intent.[42] When construing a statute, an appellate court looks to the statute's purpose and gives to the statute a reasonable construction that best achieves that purpose, rather than a construction that would defeat it.[43] Components of a series or collection of

---

[37] *In re Estate of Hedke, supra* note 12, 278 Neb. at 755-56, 775 N.W.2d at 36, quoting Restatement, *supra* note 36, § 78, comment *a*.

[38] *Id*., citing George T. Bogert, Trusts § 95 (6th ed. 1987).

[39] Restatement, *supra* note 36, § 78, comment *b*. at 96.

[40] *Id*.

[41] *State v. Jedlicka*, 305 Neb. 52, 938 N.W.2d 854 (2020).

[42] *Id*.

[43] *Id*.

- 559 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible.[44] A court must give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.[45]

Section 30-3855(d) provides:

> While the trust is irrevocable and during the period the interest of any beneficiary not having a present interest may be terminated by the exercise of a power of appointment or other power, the duties of the trustee are owed exclusively to the holder of the power to the extent of the property subject to the power.

Initially, we focus our analysis on the statutory language "power of appointment." The NUTC does not specifically define power of appointment; as a result, powers of appointment are construed according to the principles of the common law.[46] A general power of appointment means that an interest in the property passes to the donee at the donor's death.[47] A limited power of appointment means that an interest in the property passes not to the donee, but, rather, to a specific class of beneficiaries at the donor's death.[48] The donee of a power of appointment must keep within its terms, and where the donor prescribes the method of its execution, that method must be strictly followed, so far at least as may be necessary to give effect to the donor's intent and design.[49] Where there is a prohibition, limitation, or restriction in a power of

---

[44] *In re Interest of Seth C.*, 307 Neb. 862, 951 N.W.2d 135 (2020).

[45] *Id*.

[46] *In re Robert L. McDowell Revocable Trust*, 296 Neb. 565, 894 N.W.2d 810 (2017).

[47] *In re Estate of Nelson*, 253 Neb. 414, 571 N.W.2d 269 (1997).

[48] *Id.*

[49] *In re Robert L. McDowell Revocable Trust, supra* note 46.

- 560 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

appointment, such provision will control and the donee will not be permitted to disregard the same.[50]

It is undisputed that the Trust did not grant Meredith a power of appointment. Instead, the parties dispute the meaning of § 30-3855(d)'s phrase "other power." The district court accepted the argument of Meredith, Shayne, Kelly, and Maria that, under the NMBCA, a corporation has the power to determine who is involved in the management or operation of the corporation. Although neither the parties nor the district court identified a specific provision of the NMBCA in their analysis, their interpretation adopts the general position that a corporation's power to hire and fire employees qualifies as an "other power" under the NUTC. Shawn and Russell argue that the district court's interpretation of § 30-3855(d) was erroneous, because the reference to "other power" is merely a reference to "power of withdrawal," as used in § 30-3855(c) and defined under § 30-3803(11).

[20,21] The parties' competing interpretations of § 30-3855 raise a novel issue, as there is no provision using the same language under the Uniform Trust Code or in statutes in other jurisdictions. Statutes, however, are not properly interpreted in isolation.[51] Rather, when interpreting a statute, well-established principles of statutory interpretation require a court to take account of context and of other statutes pertaining to the same subject.[52] Further, under the associated words canon of statutory interpretation, if two or more words are grouped together in a statute, the meaning of a particular word may be determined by reference to the meaning of associated words and phrases.[53] This canon is often wisely applied where a word

---

[50] *Id.*

[51] *State v. A.D.*, 305 Neb. 154, 939 N.W.2d 484 (2020).

[52] *Id.*

[53] 82 C.J.S. *Statutes* § 439 (2009). See, *Jedlicka, supra* note 41; *State v. McKinney*, 273 Neb. 346, 730 N.W.2d 74 (2007); *State v. Kipf*, 234 Neb. 227, 450 N.W.2d 397 (1990).

- 561 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

is capable of many meanings in order to avoid the giving of unintended breadth to a statute.[54] Our cases have stated that words grouped in a list within a statute should be given related meaning.[55] "Although most associated-words cases involved listings[,] a listing is not prerequisite."[56] As we explain, these principles lead us to conclude that the district court erred in its interpretation that the phrase "other power" under § 30-3855(d) refers to powers found in statutes outside of the NUTC, such as the NMBCA.

Under § 30-3855, the meaning of "other power" is informed and limited by the meaning of the preceding phrase "power of appointment." Our case law recognizes power of appointment as a specific type of testamentary power, not a general corporate power. As mentioned, a beneficiary's interest can be subject to a power of appointment. A holder of the power of appointment can distribute trust property to a beneficiary and in effect can appoint the property to a new or existing trust for the benefit of the beneficiary.[57] Context is provided by § 30-3855's inclusion of "power of appointment," as well as other similar testamentary powers. Section 30-3855(a) discusses a settlor's power to revoke a trust and provides that "[t]o the extent a trust is revocable by a settlor in conjunction with a person other than a trustee . . . the trustee may follow a direction from the settlor and the other person holding the power to revoke." Section 30-3855(b) provides that "[w]hile a trust is revocable, rights of the beneficiaries are subject to the control of, and the duties of the trustee are owed exclusively to, the settlor." Section 30-3855(c) states that "the holder of a

---

[54] See *McDonnell v. U.S.*, ___ U.S. ___, 136 S. Ct. 2355, 195 L. Ed. 2d 639 (2016).

[55] *Jedlicka, supra* note 41, citing *State v. Smith*, 286 Neb. 77, 834 N.W.2d 799 (2013), and *State v. Kipf, supra* note 53.

[56] Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 197 (2012). Accord *U.S. v. Hill*, 963 F.3d 528 (6th Cir. 2020).

[57] See *In re Estate of Sibley*, 246 Ariz. 498, 442 P.3d 805 (Ariz. App. 2018).

- 562 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

power of withdrawal has the rights of a settlor of a revocable trust under this section." Therefore, § 30-3855(a), (b), (c), and (d) all refer to testamentary powers. Understood through the Legislature's association of these powers with "other power," we interpret "other power" to refer to a testamentary power, however so labeled. Under this interpretation, "other power" is given a meaning that is related to, but independent from, "power of appointment," such that "other power" is not rendered superfluous or meaningless. This interpretation harmonizes § 30-3855(d) with § 30-3823, which employs the phrase "holder of a power of appointment or other power to terminate an interest."[58]

The district court's interpretation is premised on general corporate powers rather than any specific testamentary powers granted to WZCC by the Trust. In order to avoid giving unintended breadth to the statutory provision, we must reject the district court's interpretation that "other power" under the NUTC incorporates general corporate powers under the NMBCA. We conclude that the district court's broad interpretation of a vague phrase such as "other power" risks unsettling the duties imposed upon trustees by the Legislature. The court therefore erred in interpreting § 30-3855(d) to mean that Meredith exclusively owes duties as trustee to WZCC.

[22] In addition, the terms and obligations of the Trust contradict the argument of Meredith, Shayne, Kelly, and Maria that § 30-3855(d) controls who Meredith owes duties as trustee. A trustee may exercise powers conferred by the NUTC, except as limited by the terms of the trust.[59] Upon our review of the Trust, we find no provisions which state that Meredith's duties are owed exclusively to WZCC. The Trust makes clear that Meredith, when executing the trust agreement as successor trustee, agreed to be duty bound to the beneficiaries. The

---

[58] See, also, e.g., Colo. Rev. Stat. §§ 15-1-202 and 15-1-203 (2020) (using phrase "power of appointment or other power of disposition").

[59] See § 30-3880(a)(2).

- 563 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

Trust grants Meredith the authority to invest and reinvest any Trust property, but this must be effectuated "in such manner as will be in the best interests of the Trust beneficiaries." The Trust requires Meredith to keep "books of account" for the Trust estate, to annually furnish Trust account statements to each beneficiary, and to at reasonable times allow beneficiaries to inspect Trust records. Meredith specifically agreed that these Trust terms are legally binding upon her. Based on the terms of the Trust and the allegations of the petition, summarized above, we conclude that Shawn and Russell have alleged sufficient facts to state plausible claims against Meredith in her capacity as trustee of the Family Trust.

## Trust Terms Unambiguous

[23] Shawn and Russell assign that the district court erred in finding the terms of the Family Trust to be unambiguous. Whether a document is ambiguous is a question of law, and an appellate court considering such a question is obligated to reach a conclusion independent of the trial court's decision.[60]

The only provision of the Family Trust at issue is that which states, upon Meredith's death, the trustee shall distribute WZCC stock "to those of my children and/or grandchildren who are [then] actively involved in the operation and management of [WZCC]."

We conclude that the district court correctly found the provision of the Family Trust to be unambiguous. When the Trust is considered as a whole, the only reasonable interpretation is that William intended an interest in his stock to pass to his children or grandchildren who were actively managing or operating WZCC at the time of Meredith's death.

This assignment of error has largely been rendered moot. Shawn and Russell seemingly make this argument to establish themselves as beneficiaries. The terms creating a class of beneficiaries are unambiguous, and as we have explained,

---

[60] *In re Trust Created by Cease*, 267 Neb. 753, 677 N.W.2d 495 (2004).

- 564 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
309 NEBRASKA REPORTS
IN RE WILLIAM R. ZUTAVERN REVOCABLE TRUST
Cite as 309 Neb. 542

Shawn and Russell are beneficiaries with a future contingent interest. This assignment of error is without merit.

### EVIDENCE PROPERLY EXCLUDED

[24] Shawn and Russell argue that the district court erred in excluding evidence of William's intent. Shawn and Russell offered this evidence for purposes of their motion for temporary injunction, which was filed in the present case and two companion cases. This appeal concerns only the trust case. We have affirmed the district court's determination that the language in the Trust is unambiguous. Unless a document is ambiguous, parol evidence cannot be used to vary its terms.[61] In addition, the Trust states that it "may not be changed orally." The district court correctly excluded parol evidence of William's intent. This assignment of error is without merit.

### MOTION FOR TEMPORARY INJUNCTION

Shawn and Russell argue that the district court erred in denying their motion for temporary injunction. The district court did so on standing grounds and did not consider the merits of the motion. We have concluded that Shawn and Russell as beneficiaries have standing to assert claims against Meredith as trustee. Upon remand, the district court shall consider the merits of Shawn and Russell's motion for temporary injunction.

### CONCLUSION

The district court erred in determining that Shawn and Russell were not beneficiaries and lacked standing to assert an action against Meredith as trustee. The district court erred in relying upon § 30-3855(d) to conclude that Meredith, as trustee, exclusively owed duties to WZCC. The judgment is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

MILLER-LERMAN, J., not participating.

---

[61] *Id.*