Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/01/2022 09:08 AM CDT

Main St Properties LLC, appellant, v.
City of Bellevue, Nebraska, appellee.

___ N.W.2d ___

Filed January 7, 2022.    No. S-21-129.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.

2. **Motions to Dismiss: Appeal and Error.** A district court's grant of a motion to dismiss is reviewed de novo.

3. **Motions to Dismiss: Pleadings: Appeal and Error.** When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.

4. **Motions to Dismiss: Pleadings.** To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face.

5. **Dismissal and Nonsuit: Pleadings: Appeal and Error.** When analyzing a lower court's dismissal of a complaint for failure to state a claim, an appellate court accepts the complaint's factual allegations as true and construes them in the light most favorable to the plaintiff.

6. **Statutes: Appeal and Error.** The right of appeal in Nebraska is purely statutory; unless a statute provides for an appeal from the decision of a quasi-judicial tribunal, such right does not exist.

7. **Municipal Corporations: Appeal and Error.** A city council is a tribunal whose decision can be reversed, vacated, or modified through the petition in error process set forth in Neb. Rev. Stat. § 25-1901 (Reissue 2016).

8. **Administrative Law: Jurisdiction: Appeal and Error.** Petition-in-error jurisdiction is limited by statute to a review of a judgment rendered or final order made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court.

9. **Municipal Corporations: Appeal and Error.** When an entity such as a city council is exercising its judicial functions, the petition in error statute is the proper method for challenging such actions.

10. **Administrative Law: Appeal and Error.** A board or tribunal exercises a judicial function if it decides a dispute of adjudicative fact or if a statute requires it to act in a judicial manner.

11. **Evidence: Proof: Words and Phrases.** Adjudicative facts are facts which relate to a specific party and are adduced from formal proof. Adjudicative facts pertain to questions of who did what, where, when, how, why, and with what motive or intent. They are roughly the kind of facts which would go to a jury in a jury case.

12. **Administrative Law: Appeal and Error.** Whether a board or tribunal is required to conduct a hearing and receive evidence may be considered in determining whether the inferior board or tribunal exercised judicial functions.

13. **Municipal Corporations: Ordinances: Zoning.** A zoning ordinance constitutes the exercise of a governmental and legislative function, and a city council adopting a rezoning ordinance which amends a general zoning ordinance acts in a legislative capacity.

14. **Municipal Corporations: Actions: Appeal and Error.** An appeal or error proceeding does not lie from a purely legislative act by a public body to which legislative power has been delegated, and the only remedy in such cases is by collateral attack, that is, by injunction or other suitable action.

Appeal from the District Court for Sarpy County: George A. Thompson, Judge. Reversed and remanded for further proceedings.

David A. Domina, of Domina Law Group, P.C., L.L.O., for appellant.

A. Bree Robbins, Bellevue City Attorney, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Funke, J.

Main St Properties LLC (MSP) appeals the order of the district court for Sarpy County which dismissed its complaint for lack of subject matter jurisdiction. MSP's complaint sought

to enjoin a rezoning ordinance adopted by the city council for the City of Bellevue, Nebraska (City). The court accepted the City's argument that MSP was required to bring its challenge as a petition in error under Neb. Rev. Stat. § 25-1901 et seq. (Reissue 2016 & Cum. Supp. 2020). We conclude the court erred in dismissing MSP's complaint, and we reverse its decision and remand the cause for further proceedings.

## BACKGROUND

MSP operated a U-Haul business on a property it owned in Bellevue. As part of the business, MSP rented moving vans, trucks, and trailers which were stored on the property. In 2012, MSP and the City entered into a zoning development agreement (the agreement) under which the City agreed to conditionally rezone MSP's property from a "combined General Residential and Olde Town Overlay District" to a "combined Metropolitan General Business District and Olde Town Overlay District." The agreement stated that the "City has determined that it is in the best interest of the health, safety and welfare of the City and its residents to exercise its legislative prerogative in favor of [MSP]." The agreement further stated:

> All rights, easements, privileges, covenants, terms, conditions and restrictions created hereunder are declared to be in furtherance of a plan to promote and protect the cooperative use, operation and maintenance of the Parcel, the comprehensive development of the City and otherwise for the public health, safety, welfare and best interests of the City and its residents.

In exchange, MSP agreed that "[n]o parking or storage of U-Haul vans, trucks or trailers shall be permitted on the portion of the Parcel north of the north face of the building . . . ."

The "Violations and Remedies" provision of the agreement stated that in the event MSP should violate the agreement, then after providing MSP written notice of such violation, and upon MSP's failure to cure within 10 days of receipt of notice, the City shall have the right to schedule a hearing to

rezone MSP's parcel back to its 2012 designation, deny any additional permits or certifications with respect to the parcel, enjoin unlawful use of the parcel, and utilize remedies provided by law.

On June 19, 2020, a Bellevue code enforcement officer issued and delivered a notice of a zoning violation upon MSP. The City's official notice of zoning violation form stated, "YOU ARE HEREBY NOTIFIED THAT YOU ARE IN VIOLATION OF THE BELLEVUE ZONING ORDINANCE AS INDICATED BELOW:" next to which the officer wrote "Ref Contract Zoning Agreement with City of Bellevue." The notice ordered MSP to, before July 19, 2020, "Have all Uhaul [sic] vans, trucks and/or trailers Parked or Stored South of the North face of the Building." The notice stated MSP had 30 days from receipt of the "Official Notice" to appeal the "Order" to the City's board of adjustment.

On July 13, 2020, MSP appealed to the board of adjustment, which upheld the zoning violation. MSP appealed the board of adjustment's decision to the district court. That appeal remains pending, and the merits of that appeal are not at issue here. As the parties' dispute over the agreement continued, MSP contended all proceedings should be stayed during the pendency of the board of adjustment appeal under Neb. Rev. Stat. § 19-909 (Reissue 2012) and the Bellevue Municipal Code. Notwithstanding MSP's argument that the matter should be stayed, on July 23, the City's planning commission held a hearing and recommended reversing the conditional rezoning of MSP's property based on the zoning violation. The city council introduced an ordinance to rezone MSP's property, based on the recommendation of the planning commission, and held a public hearing on the ordinance. On September 1, the city council approved ordinance No. 4004, which rezoned MSP's property as it was classified before the agreement.

On September 30, 2020, MSP filed a "Complaint for Declaratory and Injunctive Relief" against the City. The City moved to dismiss, arguing that in passing the ordinance, the

city council was "exercising judicial functions and is inferior in jurisdiction to the district court." The City contended, therefore, that MSP's exclusive means of challenging the rezoning ordinance was to file a petition in error. The district court granted the City's motion to dismiss, adopting the City's argument that the court lacked subject matter jurisdiction because MSP failed to file a petition in error.

MSP appealed. We moved the case to our docket on our own motion.

## ASSIGNMENT OF ERROR

MSP assigns, restated, the district court erred in dismissing the complaint for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

[1] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.[1]

## ANALYSIS

MSP claims that the city council performed a legislative act when it adopted the rezoning ordinance and that the correct way to challenge ordinance No. 4004 was to collaterally attack the ordinance by requesting an injunction. The City contends that MSP was challenging a judicial function exercised by the city council and that the sole means of challenging the ordinance was to file a petition in error. The City further contends that MSP's failure to do so meant the district court could not acquire subject matter jurisdiction over MSP's complaint. We agree with MSP and conclude as a matter of law that the district court erred when it dismissed MSP's complaint for lack of subject matter jurisdiction.

---

[1] *Main St Properties v. City of Bellevue*, 309 Neb. 738, 962 N.W.2d 333 (2021). *Champion v. Hall County*, 309 Neb. 55, 958 N.W.2d 396 (2021); *McEwen v. Nebraska State College Sys.*, 303 Neb. 552, 931 N.W.2d 120 (2019).

[2-5] A district court's grant of a motion to dismiss is reviewed de novo.[2] When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.[3] To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face.[4] When analyzing a lower court's dismissal of a complaint for failure to state a claim, an appellate court accepts the complaint's factual allegations as true and construes them in the light most favorable to the plaintiff.[5]

For purposes of reviewing the court's order of dismissal, we summarize the relevant allegations asserted in MSP's complaint for declaratory and injunctive relief. MSP alleged the agreement entered into in 2012 granted MSP unique land interests essential to its business which it had enjoyed for 8 years; MSP had abided by the terms of the agreement; MSP had not used the area "north of the north face of the building" for parking or storage, but had openly used a parking area northeast of the building since September 2012; MSP had not violated any zoning laws; the planning commission's recommendation was erroneous, because there was no zoning violation; Nebraska law required the city council to stay its proceedings regarding the ordinance until the conclusion of the board of adjustment appeal; ordinance No. 4004 unlawfully interferes with MSP's contractual and property interests; as a result of the ordinance, MSP lost property interests, business interests, and interests under the agreement; and, as a result of the ordinance, MSP suffered immediate and irreparable harm

---

[2] *In re William R. Zutavern Revocable Trust*, 309 Neb. 542, 961 N.W.2d 807 (2021).

[3] *Id.*

[4] *Id.*

[5] *Id.*

for which it has no adequate remedy at law. MSP requested an order temporarily and permanently restraining and enjoining the City from enforcing or acting pursuant to ordinance No. 4004.

[6,7] The right of appeal in Nebraska is purely statutory; unless a statute provides for an appeal from the decision of a quasi-judicial tribunal, such right does not exist.[6] A city council is a tribunal whose decision can be reversed, vacated, or modified through the petition in error process set forth in § 25-1901.[7]

[8-10] Petition-in-error jurisdiction is limited by statute to a review of "[a] judgment rendered or final order made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court . . . ."[8] When an entity such as a city council is exercising its judicial functions, the petition in error statute is the proper method for challenging such actions.[9] A board or tribunal exercises a judicial function if it decides a dispute of adjudicative fact or if a statute requires it to act in a judicial manner.[10] But where a board or tribunal decides no question of adjudicative fact and no statute requires it to act in a judicial manner, the orders are not "judicial" and are not reviewable by error proceedings.[11]

[11,12] Adjudicative facts are facts which relate to a specific party and are adduced from formal proof.[12] Adjudicative

[6] *McEwen, supra* note 1; *Moore v. Black*, 220 Neb. 122, 368 N.W.2d 488 (1985); *Fisher v. Housing Auth. of City of Omaha*, 214 Neb. 499, 334 N.W.2d 636 (1983); *Friedman v. State*, 183 Neb. 9, 157 N.W.2d 855 (1968); *Simpson v. City of Grand Island*, 166 Neb. 393, 89 N.W.2d 117 (1958).

[7] *Johnson v. City of Kearney*, 277 Neb. 481, 763 N.W.2d 103 (2009); *Abboud v. Lakeview, Inc.*, 237 Neb. 326, 466 N.W.2d 442 (1991).

[8] § 25-1901.

[9] *Johnson, supra* note 7. See *Abboud, supra* note 7.

[10] *Hawkins v. City of Omaha*, 261 Neb. 943, 627 N.W.2d 118 (2001).

[11] *Id.*

[12] *Id*.

facts pertain to questions of who did what, where, when, how, why, and with what motive or intent. They are roughly the kind of facts which would go to a jury in a jury case.[13] Whether a board or tribunal is required to conduct a hearing and receive evidence may be considered in determining whether the inferior board or tribunal exercised judicial functions.[14]

In *Landrum v. City of Omaha Planning Bd.*,[15] the Nebraska Supreme Court recognized the nature of the proceeding in question is a key factor in determining whether a proceeding is quasi-judicial or legislative. The court in *Landrum* considered whether a city council acted judicially by conducting a hearing prior to granting a rezoning request and a special use permit, where the record did not show evidence or testimony was offered and received at the hearing. In light of the nature of the proceedings at issue, the court held the city council acted as a legislative body.[16]

[13,14] A zoning ordinance constitutes the exercise of a governmental and legislative function, and a city council adopting a rezoning ordinance which amends a general zoning ordinance acts in a legislative capacity.[17] An appeal or error proceeding does not lie from a purely legislative act by a public body to which legislative power has been delegated, and the only remedy in such cases is by collateral attack, that is, by injunction or other suitable action.[18]

---

[13] *Id.*

[14] *Id.*, citing *School Dist. No. 23 v. School Dist. No. 11,* 181 Neb. 305, 148 N.W.2d 301 (1967).

[15] *Landrum v. City of Omaha Planning Bd.*, 297 Neb. 165, 899 N.W.2d 598 (2017); *In re Application of Olmer*, 275 Neb. 852, 752 N.W.2d 124 (2008).

[16] See *id.*

[17] *Id.*; *Giger v. City of Omaha*, 232 Neb. 676, 442 N.W.2d 182 (1989); *Copple v. City of Lincoln*, 210 Neb. 504, 315 N.W.2d 628 (1982); *Scottsbluff Improvement Assn. v. City of Scottsbluff*, 183 Neb. 722, 164 N.W.2d 215 (1969).

[18] *Id.*

MSP's complaint, allegations, and exhibits properly embraced within the complaint do not show that the city council exercised judicial functions in rezoning MSP's property, but, instead, show that the city council was exercising a legislative power. There are no allegations explaining how the city council, for example, received evidence or testimony into an official record or rendered a decision in an adversarial proceeding consistent with due process. The agreement itself, which is attached to the complaint, stated the conditional rezoning of MSP's property was an "exercise [of the City's] legislative prerogative." When viewed under the motion to dismiss standards for review, MSP's allegations show the city council adopted a rezoning ordinance based upon the recommendation of the planning commission. The allegations do not show the city council decided a dispute of adjudicative fact.[19]

Furthermore, the city council was not statutorily required to act in a judicial manner.[20] The City admitted at oral argument before this court that the purported rezoning authority discussed in the agreement is derived from this court's case law rather than specifically authorized by statute. Though the merits of the dispute regarding the agreement are not at issue here, the City's position that MSP violated the agreement is alleged to be based on the City's asserted authority under the agreement itself, or on the municipal code, but not based on any zoning statute under Nebraska law. There is nothing in the complaint showing the city council was statutorily required to conduct a hearing, hear testimony, and take evidence.[21]

Accepting all the factual allegations in the complaint as true and drawing all reasonable inferences in favor of MSP, the complaint is sufficient to survive a motion to dismiss. As such, we reverse the court's dismissal of the complaint and

---

[19] See *Hawkins, supra* note 10.

[20] See *id.*

[21] See *id.*

remand the cause for further proceedings. We express no opinion as to the merits of MSP's action for declaratory or injunctive relief.

## CONCLUSION

The district court erred in dismissing MSP's complaint for lack of subject matter jurisdiction. The cause must be and is hereby remanded for further proceedings.

Reversed and remanded for
further proceedings.