Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/19/2022 08:08 AM CDT

SUZETTE KANE, APPELLANT, V. SHAUNA KANE
AND MICHAEL LEONARD, APPELLEES.

___ N.W.2d ___

Filed May 27, 2022.    No. S-21-737.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.

2. **Motions to Dismiss: Jurisdiction: Rules of the Supreme Court: Pleadings: Appeal and Error.** A motion to dismiss for lack of jurisdiction under Neb. Ct. R. Pldg. § 6-1112(b)(1) which is limited to a facial attack on the pleadings is subject to a de novo standard of review.

3. **Constitutional Law: Due Process: Parental Rights.** Parents have a liberty interest in the care, custody, and control of their children that is protected by the Due Process Clause of the 14th Amendment.

4. **Visitation: Parent and Child: Presumptions.** Three principles of import regarding grandparent visitation are that (1) there is a presumption that fit parents act in the best interests of their children; (2) in light of this presumption, a fit parent's decision concerning the denial of grandparent visitation must be accorded at least some special weight; and (3) notwithstanding the special weight to be accorded a fit parent's decision, the presumption in favor of fit parents is rebuttable under the appropriate circumstances.

5. **Jurisdiction: Words and Phrases.** Subject matter jurisdiction is the power of a tribunal to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.

Appeal from the District Court for Lancaster County: SUSAN I. STRONG, Judge. Vacated and remanded for further proceedings.

Linsey A. Camplin and Sam Baue, of McHenry, Haszard, Roth, Hupp, Burkholder, Blomenberg & Camplin, P.C., L.L.O., for appellant.

David V. Chipman, of Monzón, Guerra & Associates, for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.

## INTRODUCTION

Suzette Kane filed a petition to establish grandparent visitation with her minor grandchildren. Following a hearing on the biological parents' motion to dismiss, the district court dismissed Suzette's petition for lack of subject matter jurisdiction. We find that the district court erred in determining it lacked jurisdiction, vacate its dismissal of Suzette's petition, and remand the cause for further proceedings.

## BACKGROUND

Suzette filed a petition to establish grandparent visitation with her minor grandchildren. She is the biological mother of Shauna Kane and the biological grandmother of the minor children of Shauna and her ex-husband, Michael Leonard (Michael), the biological father of the minor children. Shauna and Michael filed a motion to dismiss pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(1) (lack of subject matter jurisdiction) and § 6-1112(b)(6) (failure to state claim upon which relief may be granted).

A hearing was held on Shauna and Michael's motion to dismiss. At that hearing, their counsel contended that there was no compelling state interest to allow visitation when both parents were opposed, contended that the "action [was] unconstitutional as applied," and sought dismissal. Shauna and Michael offered affidavits in support of their motion—from Shauna, her sister, and Michael.

Shauna's affidavit averred that Suzette was verbally abusive to her throughout her childhood and that as adults, Suzette and Shauna were estranged because Suzette was disparaging to Shauna and Michael. Shauna further averred that Suzette had only seen the minor children twice from the birth of the oldest in 2012 until Shauna and Michael separated in 2018 and that their relationship was renewed only upon Shauna and Michael's separation because Suzette offered financial assistance during the divorce. Shauna averred that during that time, Suzette was interfering and manipulative; eventually, Shauna again cut off contact and repaid the sums she borrowed from Suzette.

In his affidavit, Michael set forth his own negative experiences with Suzette and described his impressions of Suzette and Shauna's relationship. Shauna's sister averred in her affidavit that she had no contact with Suzette and did not allow Suzette to see her children, explaining that she was "terrified even signing this affidavit because [Suzette] is so vindictive and willing to make false allegations."

In response to Shauna and Michael's assertions at this hearing, Suzette's counsel noted:

> The statute itself has been found to be constitutional when it's correctly applied, and it says nothing about the need for both parents to agree. It says nothing about the — whether or not the two parents are on the same side.
>
> . . . .
>
> So, I believe it's kind of a red herring meant to distract from the fact that this case — the statute has already been found to be constitutional more than once by the Nebraska Supreme Court, and that issue, I think, is settled as a matter of law.
>
> The question is whether or not [Suzette] fits within the statutory requirements to request that visitation . . . .

Suzette offered her own affidavit at the hearing. In that affidavit, Suzette averred that Shauna was "resentful" of the financial help she provided and, further, that she had "always had a strong relationship with [her] grandchildren."

The district court granted the motion to dismiss for a lack of subject matter jurisdiction, concluding that in this case, "the grandparent visitation statute is an unconstitutional infringement on [Shauna and Michael's] fundamental liberty interest in raising their children."

Suzette appeals.

## ASSIGNMENT OF ERROR

Suzette assigns that the district court erred in dismissing her petition to establish grandparent visitation.

## STANDARD OF REVIEW

[1,2] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.[1] A motion to dismiss for lack of jurisdiction under § 6-1112(b)(1) which is limited to a facial attack on the pleadings is subject to a de novo standard of review.[2]

## ANALYSIS

*Primer on Grandparent Visitation Law.*

[3,4] We begin with a primer on the legal background of grandparent visitation. The seminal case in this area is *Troxel v. Granville.*[3] In that case, the U.S. Supreme Court found the State of Washington's grandparent visitation statute unconstitutional as applied to the facts presented in *Troxel*. The Court first observed that the parents had a liberty interest in the care, custody, and control of their children that was protected by the Due Process Clause of the 14th Amendment. The Court then noted that the Washington statute was "breathtakingly broad" in that it excluded parents from the visitation

---

[1] *Main St Properties v. City of Bellevue*, 310 Neb. 669, 968 N.W.2d 625 (2022).

[2] *Aldrich v. Nelson*, 290 Neb. 167, 859 N.W.2d 537 (2015).

[3] *Troxel v. Granville*, 530 U.S. 57, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000).

decisionmaking process altogether.[4] As we restated in *Hamit v. Hamit*,[5] the three principles of import from *Troxel* were that (1) there is a presumption that fit parents act in the best interests of their children; (2) in light of this presumption, a fit parent's decision concerning the denial of grandparent visitation must be accorded at least some special weight; and (3) notwithstanding the special weight to be accorded a fit parent's decision, the presumption in favor of fit parents is rebuttable under the appropriate circumstances.

Nebraska's grandparent visitation statutes provide a process for the district court to undertake in order to determine whether visitation is both permissible and appropriate. As relevant here, Neb. Rev. Stat. § 43-1802(1)(b) (Reissue 2016) confers the right to a grandparent to seek visitation in the situation where "[t]he marriage of the child's parents has been dissolved . . . ." Neb. Rev. Stat. § 43-1803(1) (Reissue 2016) further provides that where "the marriage of the parents of a minor child has been dissolved . . . a grandparent seeking visitation shall file a petition for such visitation in the district court in the county in which the dissolution was had."

And § 43-1802(2) states:

> In determining whether a grandparent shall be granted visitation, the court shall require evidence concerning the beneficial nature of the relationship of the grandparent to the child. The evidence may be presented by affidavit and shall demonstrate that a significant beneficial relationship exists, or has existed in the past, between the grandparent and the child and that it would be in the best interests of the child to allow such relationship to continue. Reasonable rights of visitation may be granted when the court determines by clear and convincing evidence that there is, or has been, a significant beneficial relationship between the grandparent and the child, that

---

[4] *Id.*, 530 U.S. at 67.

[5] *Hamit v. Hamit*, 271 Neb. 659, 715 N.W.2d 512 (2006).

it is in the best interests of the child that such relationship continue, and that such visitation will not adversely interfere with the parent-child relationship.

*Subject Matter Jurisdiction.*

Suzette argues on appeal that the district court erred in determining that it lacked subject matter jurisdiction over her petition because allowing Suzette visitation would infringe upon Shauna and Michael's fundamental liberty interests in raising their children.

[5] Subject matter jurisdiction is the power of a tribunal to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.[6] The district courts are granted "both chancery and common law jurisdiction, and such other jurisdiction as the Legislature may provide."[7]

The district court's conclusion that it lacked jurisdiction over Suzette's petition is not supported by the applicable statutes. As set forth above, a grandparent may seek visitation in the situation where, as here, the biological parents are divorced.[8] That petition is to be filed in the district court—specifically in the district court where the dissolution was entered.[9] The language utilized by the statutes supports the conclusions that the district court is vested with jurisdiction over such matter and that venue is placed with the specific district court which entered the dissolution. Nor does anyone argue that another court would be more appropriate.

Instead, Shauna and Michael suggest that the district court lacked jurisdiction here because to exercise jurisdiction would be to infringe upon Shauna and Michael's

---

[6] *Sanders v. Frakes*, 295 Neb. 374, 888 N.W.2d 514 (2016).

[7] Neb. Const. art. V, § 9.

[8] §§ 43-1802(1)(b) and 43-1803(1).

[9] § 43-1803(1).

fundamental liberty interests in raising their children. Shauna and Michael direct us to several cases which they claim support their position.

We find those cases inapplicable. For example, *Lulay v. Lulay*,[10] while nominally on point, is distinguishable. The grandparent visitation statute at issue in *Lulay* was considerably broader than the Nebraska equivalent, so much so that it was subsequently struck down as *facially* unconstitutional.[11] Nor is there any indication in *Lulay* that the court's conclusion that the statute was unconstitutional as applied translated into a conclusion that the court lacked subject matter jurisdiction over the matter. Shauna and Michael also direct us to several other cases where the grandparent visitation statute was found unconstitutional, either as applied or facially, but none of those cases concluded that the court lacked subject matter jurisdiction as a result.

As we noted above, subject matter jurisdiction is the power of a tribunal to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject matter involved. In this instance, the Legislature, through the language of §§ 43-1802(1)(b) and 43-1803(1), has seen fit to vest jurisdiction over grandparent visitation matters in the district court, and at least as an initial matter, the parties do not dispute this.

The fact that the grant of a petition might be unconstitutional as applied does not deprive a court of subject matter jurisdiction over a petition; rather, it simply means that the grandparent visitation statutes cannot be constitutionally applied to a particular scenario. In that instance, a court would deny the petition, not dismiss it for a lack of jurisdiction. Having concluded that the district court erred in concluding that it lacked jurisdiction over Suzette's petition, we vacate that portion of the district court's order.

---

[10] *Lulay v. Lulay*, 193 Ill. 2d 455, 739 N.E.2d 521, 250 Ill. Dec. 758 (2000).

[11] *Wickham v. Byrne*, 199 Ill. 2d 309, 769 N.E.2d 1, 263 Ill. Dec. 799 (2002).

Suzette urges us to determine on appeal whether § 43-1802 would be unconstitutional as applied to her petition for visitation. We decline that invitation. The record in this case demonstrates that the district court failed to determine, as an initial matter, whether Suzette's petition should be granted under the standard set forth in § 43-1802(2). While the district court's order dismissing for lack of jurisdiction perhaps suggested that it did not take kindly to Suzette's petition, that petition, because it otherwise meets the requirements of Nebraska law, is entitled to be considered under the standard set forth in statute. Any question of the constitutionality of § 43-1802, as applied, should be made only as necessary following such a determination on the merits of the petition by the district court. As such, we remand the cause for further proceedings.

## CONCLUSION

The district court erred in concluding that it lacked subject matter jurisdiction. As such, we vacate the court's dismissal on those grounds, and we remand the cause for further proceedings.

Vacated and remanded for further proceedings.