Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/14/2023 08:06 AM CDT

- 714 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
DODGE CTY. HUMANE SOC. v. CITY OF FREMONT
Cite as 314 Neb. 714

Dodge County Humane Society, appellee, v.
City of Fremont, Nebraska, and the City
Council of the City of Fremont,
Nebraska, appellants.

___ N.W.2d ___

Filed July 14, 2023.    No. S-22-698.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.

2. ____: ____. Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.

3. ____: ____. If the court from which an appeal was taken lacked jurisdiction, then the appellate court acquires no jurisdiction.

4. **Statutes: Appeal and Error.** The right of appeal in Nebraska is purely statutory; unless a statute provides for an appeal from the decision of a quasi-judicial tribunal, such right does not exist.

5. **Municipal Corporations: Appeal and Error.** A city council is a tribunal whose decision can be reversed, vacated, or modified through Neb. Rev. Stat. § 25-1901 (Reissue 2016).

6. **Administrative Law: Appeal and Error.** A board or tribunal exercises a judicial function if it decides a dispute of adjudicative fact or if a statute requires it to act in a judicial manner. But where a board or tribunal decides no question of adjudicative fact and no statute requires it to act in a judicial manner, the orders are not "judicial" and are not reviewable by error proceedings.

7. **Evidence: Proof: Words and Phrases.** Adjudicative facts are facts which relate to a specific party and are adduced from formal proof.

- 715 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
DODGE CTY. HUMANE SOC. v. CITY OF FREMONT
Cite as 314 Neb. 714

8. \_\_\_\_: \_\_\_\_: \_\_\_\_. Adjudicative facts pertain to questions of who did
   what, where, when, how, why, and with what motive or intent. They are
   roughly the kind of facts which would go to a jury in a jury case.
9. **Municipal Corporations.** While a public body may need to inquire into
   facts to perform its duties in good faith, the discretion it exercises is not
   necessarily judicial in nature.

Appeal from the District Court for Dodge County: Geoffrey
C. Hall, Judge. Order vacated, and appeal dismissed.

Travis M. Jacott, Patrick J. Sullivan, and Molly J. Miller, of
Adams & Sullivan, P.C., L.L.O., for appellants.

Thomas B. Thomsen, of Sidner Law, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke,
Papik, and Freudenberg, JJ.

Miller-Lerman, J.
### NATURE OF CASE
At a regularly scheduled meeting, the city council of the
City of Fremont (Council) approved a motion that autho-
rized the mayor of Fremont, Nebraska, to send a letter to the
Dodge County Humane Society (Humane Society) regarding
termination of the contract with the Humane Society for ani-
mal control. The Humane Society filed a petition in error in
the district court for Dodge County, naming both the Council
and the City of Fremont (City), alleging that the City had
no cause to terminate the contract and had failed to comply
with contractual prerequisites for termination. The district
court determined that it had jurisdiction and thereafter found
that the Council and the City lacked reasonable sufficient
evidence to terminate the contract and ordered the contract
reinstated. The Council and the City appeal. Because the
Council did not exercise a judicial function when it voted on
this matter, the district court lacked petition in error jurisdic-
tion to review the decision. We vacate the order of the district
court and dismiss this appeal.

- 716 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
314 NEBRASKA REPORTS
DODGE CTY. HUMANE SOC. v. CITY OF FREMONT
Cite as 314 Neb. 714

## STATEMENT OF FACTS

*The Animal Control Contract.*

On July 14, 2016, the City entered into a contract with the Humane Society, a Nebraska nonprofit corporation, for animal control services. The contract was modified in 2017. The animal control contract provided that the City would compensate the Humane Society for providing shelter and staff for carrying out the enforcement of City ordinances or state laws dealing with animal care and control within the City.

*Contract Termination Process.*

On February 23, 2021, at a regularly scheduled meeting, the Council voted on an agenda item titled "[m]otion to send . . . Humane Society a notice of termination." The meeting agenda included a proposed letter to the Humane Society from the mayor of the City drafted by an attorney for the City. The letter stated that the City was exercising its right under the animal control contract to terminate effective 30 days from the date of the letter notice.

The Council opened the floor to public comment. Several residents expressed concerns regarding the following: services during historic flooding in Fremont; dogs at large; enforcement of the Fremont Municipal Code and applicable state statutes; and the accuracy of reporting of animals entering and exiting the Humane Society facility, including euthanasia. The attorney for the Humane Society also commented. In his remarks, he referred to an earlier letter that had been sent to him shortly after the October 2020 Council meeting; the earlier letter apparently detailed the Humane Society's noncompliance with the contract. The attorney for the Humane Society maintained that this previous letter was not sufficient as notice of contract termination received by the Humane Society, because, inter alia, the Council had not approved any correspondence in its October 2020 meeting.

Following the comments at the February 23, 2021, meeting, a Council member moved to issue the draft notice to the Humane Society and the motion carried.

- 717 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
DODGE CTY. HUMANE SOC. v. CITY OF FREMONT
Cite as 314 Neb. 714

*Humane Society's Petition in Error.*

The Humane Society filed a petition in error in the district court in which it alleged that the Council and the City had no cause to terminate the contract and that even if there was cause, the City had not performed the necessary prerequisites for termination. Following an evidentiary hearing, the district court entered a temporary injunction/temporary restraining order in favor of the Humane Society.

The Council and the City unsuccessfully moved to dismiss for lack of jurisdiction. The Council and the City maintained the Council's decision to authorize the mayor to send the letter was not the type of action that would support a petition in error. Specifically, the Council and the City asserted that the action was not a violation by a municipal body following an exercise of a judicial function as required by Neb. Rev. Stat. §25-1901 (Reissue 2016). They argued that the Humane Society was essentially bringing a breach of contract claim against the City through the petition in error process. The district court denied the motion to dismiss. Subsequently, the Humane Society filed a separate breach of contract action against the City in another proceeding. The Council and the City unsuccessfully filed another motion to dismiss, in which they maintained that the contract action and the petition in error proceeding were simultaneous proceedings and it was improper for the district court to proceed on the petition in error.

Following a final hearing, the district court concluded that it had jurisdiction and explained that "the Supreme Court has allowed a broad interpretation as to what constitutes the jurisdictional parameters for a district court when handling a petition in error case." The district court cited cases concerning decisions of local tribunals and entities. The district court also concluded that the Council's action taken on February 23, 2021, together with that at its meeting of October 13, 2020, was a "final decision."

- 718 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
314 NEBRASKA REPORTS
DODGE CTY. HUMANE SOC. v. CITY OF FREMONT
Cite as 314 Neb. 714

Regarding the merits, the district court determined that the decision made by the Council to authorize termination of the contract was not supported by "reasonable sufficient evidence" and therefore sustained the petition in error. The district court reasoned that the Council did not have the legal authority to make the decision to terminate the contract for animal control, because the October 2020 letter was sent without Council approval. The district court noted other discrepancies between the Council's actions and the contract. The district court ordered that the contract be reinstated, effective immediately.

The Council and the City appeal.

## ASSIGNMENTS OF ERROR

The Council and the City assign, summarized and restated, that the district court erred when it (1) determined it had jurisdiction over the petition in error under § 25-1901, (2) considered evidence outside the record before the Council, and (3) found that the City's decision to terminate the contract was not supported by sufficient evidence.

## STANDARD OF REVIEW

[1] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Main St Properties v. City of Bellevue*, 310 Neb. 669, 968 N.W.2d 625 (2022).

## ANALYSIS

The Council and the City challenge the district court's jurisdictional basis for hearing a petition in error. We agree that the Council was not exercising a judicial function when it voted at a meeting to send a letter to the Humane Society regarding the parties' contract dispute. Since the vote authorizing the mayor to send the letter was not a judicial or quasi-judicial act, the district court was not empowered to

- 719 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
DODGE CTY. HUMANE SOC. v. CITY OF FREMONT
Cite as 314 Neb. 714

review the Council vote under the error proceeding statute, § 25-1901. As we explain, we vacate the order of the district court entered without jurisdiction and, accordingly, dismiss this appeal. Further, because we dispose of this appeal on jurisdictional grounds, we do not reach the merits of the contractual dispute between the City and the Humane Society.

*A Petition in Error Can Be Taken Only From an Action Made in the Exercise of Judicial Functions.*

[2,3] Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *County of Lancaster v. County of Custer*, 313 Neb. 622, 985 N.W.2d 612 (2023). If the court from which an appeal was taken lacked jurisdiction, then the appellate court acquires no jurisdiction. *Id.*

[4,5] The right of appeal in Nebraska is purely statutory; unless a statute provides for an appeal from the decision of a quasi-judicial tribunal, such right does not exist. *Main St Properties v. City of Bellevue, supra*. In a petition in error proceeding, § 25-1901 provides that "[a] judgment rendered or final *order made* by any tribunal, board, or officer *exercising judicial functions* and inferior in jurisdiction to the district court may be reversed, vacated, or modified by the district court . . . ." (Emphasis supplied.) A city council is a tribunal whose decision can be reversed, vacated, or modified through this statutory section. See *Main St Properties v. City of Bellevue, supra*. Importantly, error proceedings are allowed only when an inferior board or tribunal acts judicially. See *Hawkins v. City of Omaha*, 261 Neb. 943, 627 N.W.2d 118 (2001).

[6] A board or tribunal exercises a judicial function if it decides a dispute of adjudicative fact or if a statute requires it to act in a judicial manner. *Id.* But where a board or

- 720 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
DODGE CTY. HUMANE SOC. v. CITY OF FREMONT
Cite as 314 Neb. 714

tribunal decides no question of adjudicative fact and no statute requires it to act in a judicial manner, the orders are not "judicial" and are not reviewable by error proceedings. See *id*.

[7,8] Adjudicative facts are facts which relate to a specific party and are adduced from formal proof. *Id.* Adjudicative facts pertain to questions of who did what, where, when, how, why, and with what motive or intent. *Id.* They are roughly the kind of facts which would go to a jury in a jury case. *Id.* Whether the board or tribunal is required to conduct a hearing and receive evidence may be considered in determining whether the inferior board or tribunal exercised judicial functions. *Main St Properties v. City of Bellevue, supra*. See *McNally v. City of Omaha*, 273 Neb. 558, 731 N.W.2d 573 (2007).

*The Council Did Not Exercise Judicial Functions*
*When It Approved the Letter Regarding*
*Termination of the Animal*
*Control Contract.*

The nature of the proceeding in question before a tribunal such as a city council is a key factor in determining whether a proceeding is quasi-judicial. The Humane Society's petition in error and the evidence in the record do not show that the Council exercised judicial functions when it voted to approve a motion to send a letter to the Humane Society regarding termination of the contract.

The meeting agenda for the February 2021 meeting included a "[m]otion to send . . . Humane Society a notice of termination" and an accompanying draft of a letter from the mayor for the City. The draft letter was addressed to the Humane Society, through its attorney. It stated that due to enumerated contract violations by the Humane Society, not repeated here, the letter served as notice to the Humane Society that the contract would be terminated in 30 days.

- 721 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
314 NEBRASKA REPORTS
DODGE CTY. HUMANE SOC. v. CITY OF FREMONT
Cite as 314 Neb. 714

At the February 2021 meeting, the Council opened the floor to members of the public to have an opportunity to comment on the agenda item. Public comment was allowed, but not required. Several residents commented regarding complaints about the Humane Society. The attorney for the Humane Society commented that sending the notice letter was premature under the terms of the contract.

The Council did not receive evidence or testimony into an official record or render a decision in an adversarial proceeding consistent with due process. Contrary to the Humane Society's assertions, the Council merely approved a motion for the mayor to send a letter to the Humane Society.

[9] We conclude that the Council did not decide on a dispute of adjudicative fact, nor did the statutes require it to act in a judicial manner. See, e.g., Neb. Rev. Stat. § 16-503 (Reissue 2022) (providing that majority of members elected to city council must concur on city contracts). While a public body may need to inquire into facts to perform its duties in good faith, the discretion it exercises is not necessarily judicial in nature. *Camp Clarke Ranch v. Morrill Cty. Bd. of Comrs.*, 17 Neb. App. 76, 758 N.W.2d 653 (2008); *Sarpy Cty. Bd. of Comrs. v. Sarpy Cty. Land Reutil.*, 9 Neb. App. 552, 615 N.W.2d 490 (2000).

The undisputed facts show that the Council was not "exercising judicial functions" under § 25-1901 when it voted to approve a letter on behalf of the City regarding termination of the contract with the Humane Society. Accordingly, the district court did not have jurisdiction to hear the Humane Society's petition in error, and, in turn, we are without jurisdiction over this appeal.

## CONCLUSION

The Council did not exercise a judicial or quasi-judicial function when it voted on a motion to send a letter to the Humane Society, and the district court did not have

- 722 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
DODGE CTY. HUMANE SOC. v. CITY OF FREMONT
Cite as 314 Neb. 714

jurisdiction to review this action in a petition in error proceeding. We vacate the order of the district court for lack of jurisdiction, and as a result, we lack jurisdiction over this appeal. Accordingly, we dismiss this appeal.

Order vacated, and appeal dismissed.

Cassel, J., concurring.

The court's opinion, which I join in full, says all that is necessary to decide this appeal. I write separately only to express my doubt that a city of the first class has the power ascribed to it by the Humane Society.

Breach of contract is a common-law action.[1] Neb. Const. art. V, § 9, confers upon the district court "common law jurisdiction." This court has held that district courts have jurisdiction over any civil proceeding that could have been brought in the English equity or common-law courts.[2]

Legislative grants of power are strictly construed pursuant to what has become known as Dillon's rule, which provides a municipal corporation possesses and can exercise these powers only: (1) those granted in express terms; (2) those necessarily or fairly implied in, or incident to, the powers expressly granted; and (3) those essential to the declared objects and purposes of the municipality, not merely convenient, but indispensable.[3] Thus, one must find a statute conferring the power asserted by the Humane Society.

The Humane Society did not rely upon the city claims statutes and cited no other statutory authority. Neb. Rev. Stat. §§ 16-726 to 16-729 (Reissue 2022) empower a city of the first class to consider and to allow or disallow claims and

---

[1] *Kotrous v. Zerbe*, 287 Neb. 1033, 846 N.W.2d 122 (2014).

[2] *Id.*

[3] *In re Application of Lincoln Electric System*, 265 Neb. 70, 655 N.W.2d 363 (2003), *overruled on other grounds, Nixon v. Missouri Municipal League*, 541 U.S. 125, 124 S. Ct. 1555, 158 L. Ed. 2d 291 (2004).

- 723 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
DODGE CTY. HUMANE SOC. v. CITY OF FREMONT
Cite as 314 Neb. 714

accounts payable against the city. But the Humane Society does not rely on those statutes, which clearly were not invoked here. The Humane Society cited no statutory authority for city council adjudication of a breach of contract action. I doubt that any exists.